# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHIEFTAIN ROYALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:17-cv-00334-SPS |
| | ) | |
| MARATHON OIL COMPANY, | ) | *(Removed from District Court of* |
| | ) | *LeFlore County, State of* |
| Defendant. | ) | *Oklahoma, Case No. CJ-17-146)* |

## DEFENDANT'S MOTION TO DISMISS OR TRANSFER AND BRIEF IN SUPPORT

Jay P. Walters, OBA No. 17364
GABLEGOTWALS
211 N. Robinson, Suite 1500
Oklahoma City, OK 73102-8820
Telephone: (405) 235-5517
Facsimile: (405) 235-2875
jwalters@gablelaw.com

Guy S. Lipe (pro hac vice forthcoming)
VINSON & ELKINS, LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002
Telephone: (713)758-1109
Facsimile: (713)615-5607
glipe@velaw.com

**ATTORNEYS FOR DEFENDANT
MARATHON OIL COMPANY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

I.  Introduction and Summary of Argument ........................................................................... 1

II. The Complaint Fails to State A Claim on Which Relief May Be Granted. ........................ 3

    A.    The Standard for Dismissal for Failure to State a Claim. ....................................... 3

    B.    Count I for Violation of the PRSA Fails to State a Claim on Which Relief May Be Granted. ................................................................................................. 4

    C.    Count II for Alleged Breach of a "Duty to Diligently Investigate" Fails to State a Claim on Which Relief May Be Granted. .................................................... 5

    D.    Count III for Fraud Fails to State a Claim on Which Relief May Be Granted. ................................................................................................................... 6

        1.    Chieftain fails to sufficiently plead the elements of fraud. ......................... 6

        2.    Chieftain's fraud claim fails for the same reason as Count I. ..................... 9

        3.    Chieftain's fraud claim fails to allege facts showing that Chieftain suffered injury as a result of the alleged fraud. ......................................... 10

    E.    Count IV for the Equitable Remedies of an Accounting and Disgorgement Fails to State a Claim on Which Relief May Be Granted. .................................... 11

    F.    Count V for a Permanent Injunction Fails to State a Claim on Which Relief May Be Granted. ............................................................................................... 12

CONCLUSION ............................................................................................................................ 13

CERTIFICATE OF SERVICE .................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Allison v UNUM Life Ins. Co.*,
   381 F.3d 1015 (10th Cir. 2004) .................................................................................. 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................. 1, 3, 4, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................. 1, 3, 4, 10

*Bonner v. Okla. Rock Corp.*,
   863 P.2d 1176 (Okla. 1993) ...................................................................................... 5

*Chieftain Royalty Co. v. DOTEPI, Inc.*,
   No. CIV-11-344-R, 2011 WL 9527717 (W.D. Okla. July 14, 2011) ................................. 9, 11

*Cimarex Energy Co. v. Calhoon,*
   CIV-11-525-D, 2012 WL 1371386 (W.D. Okla. Apr. 19, 2012) ............................................. 6

*Clinesmith v. Harrell*,
   1999 OK CIV APP 121, ☐ 5, 992 P.2d 926 ...................................................................... 8

*Combs v. Shelter Mut. Ins. Co.*,
   551 F.3d 991 (10th Cir. 2008) ...................................................................................... 6

*Estrada v. Kriz*,
   2015 OK CIV APP 19, ☐ 14, 345 P.3d 403 ...................................................................... 7

*Gerlicher Co. v. Standridge of Tulsa, LLC*,
   No 09-cv-461-GKF-TLW, 2010 WL 2990005 (N.D. Okla. July 27, 2010) ............................. 8

*Hall v. Witteman*,
   584 F.3d 859 (10th Cir. 2009) ...................................................................................... 3

*Hitch Enters., Inc. v. Cimarex Energy Co.*,
   859 F. Supp. 2d 1249 (W.D. Okla. 2012) ................................................................. 4, 11

*Krug v. Helmerich & Payne, Inc.*,
   2013 OK 194, ¶34, 320 P.3d 1012 .......................................................................... 2, 11

*Leisure Hosp., Inc. v. Hunt Props., Inc.*,
   No. 09-cv-27-GKF-PJC, 2010 WL 4824495 (N.D. Okla. Nov. 22, 2010) ......................... 7, 8

*Maikudi v. Diversified Consultants, Inc.*,
   No. CIV-16-912-D, 2016 WL 5819801 (W.D. Okla. Oct. 5, 2016) ........................................ 4

*McGregor v. Nat'l Steak Processors, Inc.*,
   No. 11-CV-0580-CVE-TLW, 2012 WL 314059 (N.D. Okla. Feb. 1, 2012) ........................... 10

*McKnight v. Marathon Oil Co.*,
   CIV-17-00264-R, 2017 WL 1628981 (W.D. Okla. May 1, 2017) ..................................... 9, 10

*Mercury Inv. Co. v. F. Woolworth Co.,*
   706 P.2d 523 (Okla. 1985) .......................................................................................... 5

*Ragland v. Shattuck National Bank*,
  36 F.3d 983 (10th Cir. 1994) .................................................................................. 8

*Silk v. Phillips Petroleum Co.*,
  1998 OK 93, 760 P.2d 174 ..................................................................................... 8

*Smith v. Bayer Corp.*,
  564 U.S. 299 (2011) ................................................................................................ 4

*Smith v. Sentinel Insurance Company*,
  No. 10-CV-269-GKF-PJC, 2010 WL 5174377 (N.D. Okla. Dec. 15, 2010) ........... 10

*Southwest Stainless, LP v. Sappington*,
  582 F.3d 1176 (10th Cir. 2009) ............................................................................ 12

*U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield,*
  472 F.3d 702 (10th Cir. 2006) .......................................................................... 7, 8

*Uptegraft v. Dome Petroleum Corp.*,
  764 P.2d 1350 (Okla. 1988) ................................................................................... 8

*Wade v. Emcasco Ins. Co.*,
  483 F.3d 657 (10th Cir. 2007) ............................................................................. 10

*West v. Ditech Financial*,
  No. CIV-16-213-M, 2016 WL 3200296 (W.D. Okla. June 8, 2016) ..................... 10

**Rules**

Fed. R. Civ. P. 9(b) .............................................................................................................. 7

**Statutes**

Oklahoma Production Revenue Standards Act, 52 O.S. § 570, *et seq*. ................................. passim

I.       **Introduction and Summary of Argument**

Plaintiff Chieftain Royalty Company's ("Chieftain") Original Petition ("Complaint," Dkt. No. 2-1) fails to plead facts stating a plausible claim for relief.  Every count of the Complaint relies on a general allegation that Defendant Marathon Oil Company ("Marathon") belatedly paid oil and gas royalties ("Untimely Payments") triggering statutory interest which Marathon has failed to pay.  Thus, the entire case turns on the existence of "Untimely Payments" on which Marathon was required to pay interest under the Oklahoma Production Revenue Standards Act, 52 O.S. § 570, *et seq*. ("PRSA").  Yet, the Complaint fails to identify a single "Untimely Payment" made to Chieftain or to allege any facts plausibly showing that any payment by Marathon to Chieftain was late under the PRSA.  Instead, the Complaint contains only conclusory assertions without any facts—a fundamental violation of the Supreme Court's *Twombly/Iqbal* pleading standard necessary to state a claim for which relief may be granted.

Plaintiff's putative class allegations do not change this result. The law is clear that the named plaintiff in a putative class action must comply with the *Twombly/Iqbal* pleading standard as to its individual claims.  Chieftain has failed to do so.  That failure requires dismissal of all counts in the Complaint.

Counts II through V of the Complaint should also be dismissed under any pleading standard.  Unwilling to rely solely on the PRSA's statutory remedy, Chieftain asserts separate causes of action seeking a variety of other relief.  Specifically, in Count II, Chieftain attempts to create a new tort, claiming Marathon violated a heretofore unknown "duty to diligently investigate the rights of a royalty owner" to receive interest on "Untimely Payments, for which Chieftain seeks punitive damages.  Not only does Chieftain fail to allege any facts plausibly showing any "Untimely Payment" Marathon should have discovered in an "investigation," the Complaint contains no allegation identifying the source of its newly-minted "duty to diligently investigate."

1

No such duty exists. Marathon's duties regarding "Untimely Payments" are set out in the PRSA, and the PRSA imposes no separate "duty to investigate." Moreover, the Complaint fails to allege any basis for recovery of punitive damages based on a failure to "investigate." Chieftain's effort to transform an alleged PRSA violation into a tort fails as a matter of law.

In Count III, Chieftain purports to allege a cause of action for fraud, but the Complaint fails to make any allegation that Marathon made any misrepresentation to Chieftain, or that Chieftain detrimentally relied on any such misrepresentation, as required by the basic elements of a fraud claim in Oklahoma. Additionally, the Complaint fails to allege any injury caused by the alleged fraud. The only harm Chieftain points to in the Complaint is the interest Marathon allegedly failed to pay—the same PRSA remedy Chieftain seeks in Count I.

In Count IV, Chieftain seeks an accounting of "the amount of accrued interest that Plaintiff and each class member should have been paid by Defendant and the method of calculating such amounts," and disgorgement of unspecified "benefits" derived from use of the allegedly unpaid interest. Cmpl. ¶¶ 66-67. A claim for an accounting requires a showing of a violation of the plaintiff's rights, and Chieftain has not alleged facts plausibly showing that any payment to Chieftain was untimely. Moreover, the equitable remedies of an accounting and disgorgement are barred by the Oklahoma Supreme Court's decision in *Krug v. Helmerich & Payne, Inc.*, 2013 OK 194, ¶ 34, 320 P.3d 1012, 1022, as the PRSA provides an adequate legal remedy for any alleged "Untimely Payments."

In Count V, Chieftain seeks a permanent injunction against future failures to pay interest on "Untimely Payments," but that claim fails to state a claim on which relief may be granted for two independent reasons. First, one of the elements that must be shown for issuance of a permanent injunction is the requirement that the defendant succeed on the merits of the underlying

claims. Yet, Chieftain has failed to allege any facts plausibly showing that Marathon made any late payment to Chieftain, as necessary to succeed on the merits. Second, the Complaint fails to allege facts plausibly showing that Chieftain will suffer any irreparable injury from future PRSA violations. To the contrary, the PRSA remedy for "Untimely Payments" provides an adequate remedy at law, and the Complaint alleges no facts plausibly showing otherwise.

For all of these reasons, this case should be dismissed.

## II. The Complaint Fails to State A Claim on Which Relief May Be Granted.

### A. The Standard for Dismissal for Failure to State a Claim.

"A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint which merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice). The rule that courts must accept the truth of the allegations does not apply to legal conclusions, and a plaintiff therefore cannot state a claim by reciting the elements of a cause of action, supported by mere conclusory statements. *Id.* at 678-79.

Even if a complaint pleads more than legal conclusions, it nevertheless is deficient if it does not state a "plausible claim for relief." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. This requirement is met only when the complaint includes "factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009).

Critically, while Chieftain seeks to bring its claims on behalf of a putative class, each named plaintiff must plausibly state a claim for which relief can be granted to that plaintiff. *Hitch Enters., Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1257 n.4 (W.D. Okla. 2012) ("At [the Rule 12(b)(6)] stage of the litigation, each **named plaintiff** must plead its own cause of action . . . each plaintiff must meet its own procedural burden under Rule 12(b)(6) and the pleading standard of *Twombly* and *Iqbal*") (emphasis added).[1]

### B. Count I for Violation of the PRSA Fails to State a Claim on Which Relief May Be Granted.

The Complaint asserts repeatedly, in conclusory fashion, that Marathon made "Untimely Payments" to Chieftain and failed to pay interest to Chieftain on those payments as required by the PRSA. *See, e.g.,* Cmpl. ¶¶ 7, 34. 46-49. But those conclusory allegations are nothing more than legal conclusions reciting the elements of a PRSA violation—late payment and failure to pay interest—in violation of the pleading requirements of *Twombly/Iqbal*. The Complaint fails to identify a single fact plausibly showing any payment Marathon made to Chieftain was late or insufficient under the PRSA. For example, Plaintiff fails to identify any date a payment was due or any date an allegedly "Untimely Payment" was made, much less identify the well, type of production (oil or gas), to whom the production was sold, or dates of first production from any well triggering the PRSA payment-timing rules. These are the fundamental issues necessary to provide Marathon basic notice of the nature of the claims and satisfy *Twombly/Iqbal*.

---

[1] The fact that this case was filed in state court and removed to federal court does not render the *Twombly/Iqbal* pleading standard inapplicable. *Maikudi v. Diversified Consultants, Inc.*, No. CIV-16-912-D, 2016 WL 5819801, at *1 (W.D. Okla. Oct. 5, 2016) (slip op.) (*citing Smith v. Bayer Corp.*, 564 U.S. 299, 304 n. 2 (2011) ("federal procedural rules govern a case that has been removed.")). That standard is fully applicable in a removed case. *Id.*

4

Stripping away the generalized, conclusory late-payment assertion, nothing remains in the Complaint to support a statutory breach. Given the absence of facts plausibly showing Marathon made late payments to Chieftain, the Complaint fails state a claim for violation of the PRSA. As a result, Count I should be dismissed.

### C. Count II for Alleged Breach of a "Duty to Diligently Investigate" Fails to State a Claim on Which Relief May Be Granted.

Chieftain identifies no facts or legal citation to support its allegation that "Oklahoma recognizes the existence of certain duties owed by owners and/or operators of oil and/or gas wells to royalty owners, *including the duty to diligently investigate the rights of a royalty owner to receive interest on Untimely Payments*." Cmpl. ¶ 52. The only relief Chieftain seeks unique to this claim is punitive damages, unmasking Chieftain's goal to convert the PRSA payment-timing obligations into a new tort never before recognized in Oklahoma.

Marathon's obligations to Chieftain as a royalty owner are set out in any applicable oil and gas lease, any applicable order of the Oklahoma Corporation Commission ("OCC"), and the PRSA. Chieftain points to no other source of any duties owed by Marathon to Chieftain, and Chieftain fails to allege any facts showing its oil and gas lease or an OCC order imposes a "duty to diligently investigate." Nothing in the PRSA imposes such a duty.

Moreover, even if Chieftain claims a new implied duty arising from the lease agreement, under Oklahoma law "implied covenants are not favored," and no Oklahoma court has identified an implied covenant to investigate arising from an oil and gas lease. *See Mercury Inv. Co. v. F. Woolworth Co.,* 706 P.2d 523, 530 (Okla. 1985); *Bonner v. Okla. Rock Corp.*, 863 P.2d 1176, 1184-85 (Okla. 1993) ("constructive covenants . . . are disfavored in law; courts are reluctant to imply them where the obligations sought to be imposed are not expressed in the written text.")

5

And even if Chieftain contends its amorphous claim merely asserts breach of the duty of good faith and fair dealing in every contract, no such claim arises in tort. Indeed, Oklahoma courts have generally refused to extend a "bad faith" tort outside of the insurance context. *See Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 999 (10th Cir. 2008) (*citing Allison v UNUM Life Ins. Co.*, 381 F.3d 1015, 1027 (10th Cir. 2004) ("there is no dispute that the Oklahoma [bad faith] law is directed toward the insurance industry.")). Specifically, Oklahoma federal courts have refused to extend "bad faith" tort liability to the relationship between operators and royalty owners finding no special relationship akin to an insurer and its insured. *Cimarex Energy Co. v. Calhoon,* CIV-11-525-D, 2012 WL 1371386, at *4 (W.D. Okla. Apr. 19, 2012) ("This Court has consistently refused to extend tortious breach of the duty of good faith and fair dealing to cases similar to the case at bar.") (collecting and discussing cases). The "purpose of an oil and gas lease is to seek commercial advantage and take associated commercial risks; the purpose is not the elimination of risk as is the purpose of an insurance contract." *Id.*

As a matter of law, Marathon owed no "duty to diligently investigate" Chieftain's rights to receive interest. And, especially where Chieftain has been unable to plead facts identifying even a single "Untimely Payment," Count II fails to state a claim and should be dismissed.

**D.    Count III for Fraud Fails to State a Claim on Which Relief May Be Granted.**

For several independent reasons, Chieftain's fraud claim should be dismissed.

**1.    Chieftain fails to sufficiently plead the elements of fraud.**

The Complaint fails to make even a conclusory attempt to allege the elements of an Oklahoma fraud claim, which are:

> (1) a false material misrepresentation, (2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, (3) with the intention that it be acted upon, and (4) which is relied on by the other party to [its] detriment.

*Estrada v. Kriz*, 2015 OK CIV APP 19, ☐ 14, 345 P.3d 403 (citation omitted). Chieftain must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires that "[plaintiff] must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof. *Leisure Hosp., Inc. v. Hunt Props., Inc.*, No. 09-cv-27-GKF-PJC, 2010 WL 4824495, at *4 (N.D. Okla. Nov. 22, 2010) (*citing U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield,* 472 F.3d 702, 726–27 (10th Cir. 2006)). Chieftain's Complaint, however, merely repurposes conclusory PRSA-violation allegations into generalized fraud allegations.

The Complaint simply fails to describe any false misrepresentation made by Marathon. Instead, Chieftain claims Marathon owed duties to owners of interests in wells and "*took on such duties* with the intent to deceive Owners." Cmpl. ¶¶ 59-60 (emphasis added). Marathon's action in assuming the role as operator of a well does not constitute a "representation" that can support a fraud action, and Chieftain does not allege that Marathon made any representation to Chieftain relating to Untimely Payments or interest. Without a representation, the second element of fraud likewise cannot be satisfied, *i.e.*, the requirement that the representation be made as a positive assertion which is known to be false, or that it be made recklessly without knowledge of the truth.

Chieftain cannot save its fraud claim by arguing that Marathon "knew it owed interest on Untimely Payments, but knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members." Cmpl. ¶ 60. If the vague allegation of "suppression" is intended to refer to a representation Marathon made to Chieftain, that vague allegation violates Rule 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *Leisure Hosp., Inc. v.*

*Hunt Props., Inc.*, No. 09-cv-27-GKF-PJC, 2010 WL 4824495, at *4 (N.D. Okla. Nov. 22, 2010); *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726–27 (10th Cir. 2006)). "[T]he complaint must set forth (1) precisely what statements were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements." *Gerlicher Co. v. Standridge of Tulsa, LLC*, No 09-cv-461-GKF-TLW, 2010 WL 2990005, at *1 (N.D. Okla. July 27, 2010).

If the vague allegation in paragraph 60 is asserting that Marathon "suppressed" information about late payments by not telling Chieftain about late payments, the Complaint fails to plead facts supporting a claim of fraud by silence. Oklahoma law allows a fraud-by-silence claim when an affirmative representation was made false by a failure to disclose additional facts. *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353-54 (Okla. 1988); *see also Ragland v. Shattuck National Bank*, 36 F.3d 983, 991 (10th Cir. 1994) (fraud by silence claim available when an affirmative disclosure is made misleading by the omission of information). As noted above, Chieftain fails to allege any affirmative representation made by Marathon, so this basis for a fraud-by-silence claim cannot save Count III.

Without an affirmative representation, Oklahoma courts only recognize a claim for fraud by silence when "there is a failure to disclose a material fact by *one having a duty to disclose* and who remained silent to that party's benefit and the detriment of the other party." *Clinesmith v. Harrell*, 1999 OK CIV APP 121, ☐ 5, 992 P.2d 926 (*citing Silk v. Phillips Petroleum Co.*, 1998 OK 93, 760 P.2d 174) (emphasis added). The Complaint does not allege any facts plausibly showing that Marathon had a duty to disclose to

Chieftain that late payments had occurred and that interest was owed. In fact, as noted above, Chieftain does not even allege facts plausibly showing that Marathon made any late payments to Chieftain.

Chieftain also fails to allege detrimental reliance on a misrepresentation, as required by the fourth fraud element. Numerous Oklahoma federal courts have emphasized that a plaintiff must plead facts showing detrimental reliance on a misrepresentation to avoid dismissal for failure to state a claim. *See, e.g., Chieftain Royalty Co. v. DOTEPI, Inc.*, No. CIV-11-344-R, 2011 WL 9527717, at *4 (W.D. Okla. July 14, 2011); *McKnight v. Marathon Oil Co.*, CIV-17-00264-R, 2017 WL 1628981, at *1 (W.D. Okla. May 1, 2017). The Complaint contains no such allegation. Instead, the Complaint only alleges that "Plaintiff and the Class relied on and trusted Defendant *to pay them* the full O&G Proceeds to which they were entitled under Oklahoma law." Cmpl. ¶ 61 (emphasis added). Thus, Chieftain's only reliance allegation is that Chieftain relied on Marathon to pay it the money owed, not that it relied on a misrepresentation. Because the Complaint fails to allege facts plausibly showing that Chieftain relied to its detriment on a misrepresentation by Marathon, Count III fails to state a claim on which relief may be granted.

### 2. Chieftain's fraud claim fails for the same reason as Count I.

Independent of Cbieftain's failure to allege facts supporting the required elements for a fraud claim, paragraphs 60 and 63 of the Complaint make clear that the fraud cause of action is predicated on the allegations that Marathon made late payments to Chieftain and owes statutory interest for late payments. Thus, the fraud claim is predicated on the same alleged statutory violations as those asserted in Count I. Because Chieftain has failed to allege facts plausibly showing that Marathon made late payments and owes statutory interest as required for a claim for

9

violation of the PRSA, the fraud claim fails to satisfy the *Twombly/Iqbal* standard for the same reasons as set out above with regard to the Count I.

> 3. **Chieftain's fraud claim fails to allege facts showing that Chieftain suffered injury as a result of the alleged fraud.**

Oklahoma law also requires that the plaintiff in a fraud claim show that it suffered injury as a result of the alleged fraud. This principle was applied by the court in *Smith v. Sentinel Insurance Company*, No. 10-CV-269-GKF-PJC, 2010 WL 5174377, at *1 (N.D. Okla. Dec. 15, 2010). In *Smith*, the plaintiffs asserted claims against an insurance company for breach of contract and fraud based on the alleged failure to pay for roof repairs. The court noted that a fraud claim requires a showing that the plaintiffs "acted in reliance upon [a material misrepresentation] and *thereby suffered injury*." *Id.* (emphasis in original). The court held that the costs associated with the roof "may be sought as contract damages" but that such harm was "not plausibly related to any alleged fraud." *Id.*

This requirement that a fraud claim be supported by damages that can be specifically tied to the detrimental reliance element of fraud is a common cause for the dismissal of a fraud claim in Oklahoma federal courts. *See, e.g.*, *West v. Ditech Financial*, No. CIV-16-213-M, 2016 WL 3200296, at *4 (W.D. Okla. June 8, 2016) (*citing Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 675 (10th Cir. 2007)); *see also McGregor v. Nat'l Steak Processors, Inc.*, No. 11-CV-0580-CVE-TLW, 2012 WL 314059, at *3 (N.D. Okla. Feb. 1, 2012); *McKnight*, 2017 WL 1628981 at *2. That principal applies here. Chieftain fails to allege any facts showing that it suffered injury as a result of its reliance on any alleged representation; instead, it only alleges it was harmed by Marathon's alleged failure to pay interest as required by the PRSA. The failure to allege facts showing a causal connection between a Marathon misrepresentation and an alleged injury is fatal to the fraud claim.

For all of these independent reasons, Count III fails to state a claim on which relief may be granted and should be dismissed.

**E. Count IV for the Equitable Remedies of an Accounting and Disgorgement Fails to State a Claim on Which Relief May Be Granted.**

Count IV seeks the equitable remedies of an accounting and disgorgement. As a threshold matter, the requests for these equitable remedies rely upon the existence of "Untimely Payments" by Marathon that entitle Chieftain to interest that was not paid. By virtue of Chieftain's failure to plead facts plausibly showing Marathon made late payments to Chieftain, Count IV fails to state a claim for the same reasons Count I fails to state a claim. Moreover, as to the accounting remedy, "a plaintiff must show that a balance is due in order to establish a right to an accounting." *Chieftain Royalty Co. v. Dominion Okla. Tex. Expl. & Prod., Inc.*, 2011 WL 9527717, at *6 (W.D. Okla. July 14, 2011); *see also Hitch Enters., Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d at 1258-59 (accounting remedy only available if plaintiff prevails on a theory of recovery). Again, because Chieftain has not alleged facts plausibly showing that any of Marathon's payments to Chieftain were late and that interest is owed, Chieftain has not stated a plausible claim for an accounting remedy.

Likewise, as to the disgorgement remedy, Chieftain's claim is predicated on the existence of Untimely Payments for which no interest was paid. Paragraph 69 of the Complaint seeks disgorgement "of any benefits derived from its improper and unlawful use of Plaintiff's and the Class' interest payments," making it clear that the request for disgorgement is based on alleged Untimely Payments for which interest is owed. The Complaint's failure to allege facts plausibly showing that Marathon made late payments to Chieftain and that interest was owed to Chieftain precludes the disgorgement remedy as well.

11

Moreover, the existence of a statutory remedy for "Untimely Payments" bars the requested equitable remedies Chieftain seeks. The equitable remedies of accounting and disgorgement are unavailable in any action in which the remedy of damages is available. *Krug v. Helmerich & Payne, Inc.*, 2013 OK 194, ¶34, 320 P.3d 1012, 1022. In *Krug*, the Court specifically rejected the availability of unjust enrichment/disgorgement because "[t]he longstanding rule in Oklahoma is that plaintiff may not pursue an equitable remedy when the plaintiff has an adequate remedy at law." *Id.* Such a remedy for "Untimely Payments" exists under the PRSA.

Moreover, the equitable remedies Chieftain seeks are also barred by 52 O.S. § 903, which states that "as long as paragraph 1 of subsection D of Section 570.10 of Title 52 of the Oklahoma Statutes provides for an interest rate equal to or greater than twelve percent (12%) compounded annually, the Production Revenue Standards Act shall provide the exclusive remedy to a person entitled to proceeds from production for failure of a holder to pay the proceeds within the time periods required for payment." That statute bars Chieftain's requests for the equitable remedies of an accounting and disgorgement, which go beyond those expressly provided for in the PRSA.

### F. Count V for a Permanent Injunction Fails to State a Claim on Which Relief May Be Granted.

Count V seeks a "permanent injunction, ordering Defendant to pay interest as required by law when Defendant makes future Untimely Payments to Plaintiff, the Class, and royalty owners." Cmpl. ¶ 75. The Tenth Circuit has set out the elements of a request for a permanent injunction as follows:

> For a party to obtain a permanent injunction, it must prove: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Southwest Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009).

As to the first element—actual success on the merits—the request for a permanent injunction is necessarily dependent on a showing that Marathon has made Untimely Payments to Chieftain and failed to pay interest thereon. As shown above, the Complaint fails to allege facts plausibly showing that Marathon has made any late payments to Chieftain or that Chieftain has suffered any injury.

As to the second element—irreparable harm unless the injunction is issued—the interest remedy in the PRSA is an adequate remedy at law that precludes any showing that Chieftain would suffer irreparably injury in the absence of a permanent injunction against future PRSA violations.

## CONCLUSION

All of the Counts of Chieftain's Complaint are predicated on the existence of Untimely Payments by Marathon to Chieftain, and Chieftain has failed to allege facts plausibly showing that Marathon made any late payment to Chieftain. For that reason alone, each count of the Complaint fails to state a claim on which relief may be granted. Moreover, Counts II through V fail to state claims for which relief may be granted for other independent reasons as set out above. All of Chieftain's claims should be dismissed for failure to state a claim.

Respectfully Submitted,

*/s/ Jay P. Walters*
Jay P. Walters, OBA No. 17364
GABLEGOTWALS
211 N. Robinson, Suite 1500
Oklahoma City, OK 73102-8820
Telephone: (405) 235-5517
Facsimile: (405) 235-2875
jwalters@gablelaw.com

Guy S. Lipe (pro hac vice forthcoming)
VINSON & ELKINS, LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002
Telephone: (713)758-1109
Facsimile: (713)615-5607
glipe@velaw.com

**ATTORNEYS FOR DEFENDANT MARATHON OIL COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2017, I electronically transmitted the attached document to the clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

| | |
|---|---|
| Michael T. Burrage<br>WHITTEN BURRAGE<br>512 N. Broadway Ave, Suite 300<br>Oklahoma City, OK 73102<br>Telephone: (405) 516-7800<br>Facsimile: (405) 516-7859<br>mburrage@whittenburragelaw.com | Robert N. Barnes<br>Patranell Lewis<br>BARNES & LEWIS, LLP<br>208 NW 60th ST<br>Oklahoma City, OK 73118<br>Telephone: (405) 843-0363<br>Facsimile: (405) 843-0790<br>rbarnes@bameslewis.com<br>plewis@barneslewis.com |
| Patrick M. Ryan<br>Phillip G. Whaley<br>Jason A. Ryan<br>Paula M. Jantzen<br>RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC<br>900 Robinson Renaissance<br>119 North Robinson<br>Oklahoma City, OK 73102<br>Telephone: 405-239-6040<br>Facsimile: 405-239-6766<br>pryan@ryanwhaley.com<br>pwhaley@ryanwhaley.com<br>jryan@ryanwhaley.com<br>pjantzen@ryanwhaley.com | Lawrence R. Murphy, Jr.<br>Mariann M. Robison<br>RICHARDS & CONNOR<br>ParkCentre Building<br>525 South Main Street<br>Twelfth Floor<br>Tulsa, OK 74103-4509<br>Telephone: (918) 585-2394<br>Facsimile: (918) 585-1449<br>lmurphy@richardsconnor.com<br>mrobison@richardsconnor.com |

/s/ Jay P. Walters
Jay P. Walters