**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHIEFTAIN ROYALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:17-cv-00334-SPS |
| | ) | |
| MARATHON OIL COMPANY, | ) | *(Removed from District Court of* |
| | ) | *LeFlore County, State of* |
| Defendant. | ) | *Oklahoma, Case No. CJ-17-146)* |

**DEFENDANT'S MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT</u>**

Jay P. Walters, OBA No. 17364
GABLEGOTWALS
211 N. Robinson, Suite 1500
Oklahoma City, OK 73102-8820
Telephone: (405) 235-5517
Facsimile: (405) 235-2875
jwalters@gablelaw.com

Guy S. Lipe (admitted pro hac vice)
VINSON & ELKINS, LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002
Telephone: (713)758-1109
Facsimile: (713)615-5607
glipe@velaw.com

**ATTORNEYS FOR DEFENDANT
MARATHON OIL COMPANY**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

**I.**    Introduction and Summary of Argument ..........................................................1

**II.**   The Amended Complaint Fails to State A Claim on Which Relief May Be Granted. .......3

    **A.**    The Standard for Dismissal for Failure to State a Claim. .......................................3

    **B.**    Count I for Violation of the PRSA Fails to State a Claim on Which Relief May Be Granted. ..........................................................................5

    **C.**    Count II for Alleged Breach of a "Duty to Investigate and Pay" Fails to State a Claim on Which Relief May Be Granted. .............................................7

    **D.**    Count III for Fraud Fails to State a Claim on Which Relief May Be Granted. .......8

        **1.**    Chieftain's fraud claim fails for the same reason as Count I. .....................8

        **2.**    Chieftain fails to sufficiently plead the elements of fraud. .........................9

        **3.**    Chieftain's fraud claim fails to allege facts showing that Chieftain suffered an injury from the alleged fraud. .................................................11

    **E.**    Count IV for the Equitable Remedies of an Accounting and Disgorgement Fails to State a Claim on Which Relief May Be Granted. ...............................................12

    **F.**    Count V for a Permanent Injunction Fails to State a Claim on Which Relief May Be Granted. ..........................................................................13

**III.**  Plaintiff Should Not Be Granted Leave to Amend Because the Amended Complaint Represents the Plaintiff's Best Effort at Addressing the Issues Raised in this Motion. ....14

CONCLUSION ....................................................................................................................15

CERTIFICATE OF SERVICE ............................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Allison v UNUM Life Ins. Co.*,
   381 F.3d 1015 (10th Cir. 2004) ...................................................................... 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................... passim

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................... passim

*Bonner v. Okla. Rock Corp.*,
   863 P.2d 1176 (Okla. 1993)............................................................... 8

*Burke v. New Mexico*,
   696 Fed. App'x 325 (10th Cir. 2017) ............................................... 14

*Chieftain Royalty Co. v. Dominion Okla. Tex. Expl. & Prod., Inc.*,
   2011 WL 9527717 (W.D. Okla. July 14, 2011) ................................ 12

*Chieftain Royalty Co. v. DOTEPI, Inc.*,
   No. CIV-11-344-R, 2011 WL 9527717 (W.D. Okla. July 14, 2011) ...................... 11

*Cimarex Energy Co. v. Calhoon*,
   CIV-11-525-D, 2012 WL 1371386 (W.D. Okla. Apr. 19, 2012) ............................. 8

*Clinesmith v. Harrell*,
   1999 OK CIV APP 121, ¶ 5, 992 P.2d 926 ............................................... 10

*Combs v. Shelter Mut. Ins. Co.*,
   551 F.3d 991 (10th Cir. 2008) ........................................................... 8

*Estrada v. Kriz*,
   2015 OK CIV APP 19, ¶ 14, 345 P.3d 403 .............................................. 9

*Gerlicher Co. v. Standridge of Tulsa, LLC*, No 09-cv-461-GKF-TLW,
   2010 WL 29900051 (N.D. Okla. July 27, 2010) ...................................... 10

*Hall v. Witteman*,
   584 F.3d 859 (10th Cir. 2009) ........................................................... 4

*Hitch Enters., Inc. v. Cimarex Energy Co.*,
   859 F. Supp. 2d 1249 (W.D. Okla. 2012)......................................... 4, 12

*Kansas Penn Gaming, LLC v. Collins*,
   656 F.3d 1210 (10th Cir. 2011) ......................................................... 5

*Khalik v. United Air Lines*,
   671 F.3d 1188 (10th Cir. 2012) ......................................................... 6

*Krug v. Helmerich & Payne, Inc.*,
   2013 OK 194, ¶ 34, 320 P.3d 1012................................................... 3, 13

*Leisure Hosp., Inc. v. Hunt Props., Inc.*,
   No. 09-cv-27-GKF-PJC, 2010 WL 4824495 (N.D. Okla. Nov. 22, 2010)................... 9, 10

*Maikudi v. Diversified Consultants, Inc.*,
   No. CIV-16-912-D, 2016 WL 5819801 (W.D. Okla. Oct. 5, 2016)........................... 4

*McGregor v. Nat'l Steak Processors, Inc.*,
   No. 11-CV-0580-CVE-TLW, 2012 WL 314059 (N.D. Okla. Feb. 1, 2012).......................... 12

*McKnight v. Marathon Oil Co.*,
   CIV-17-00264-R, 2017 WL 1628981 (W.D. Okla. May 1, 2017) ...................................... 11, 12

*Mercury Inv. Co. v. F. Woolworth Co.*,
   706 P.2d 523 (Okla. 1985)...................................................................... 8

*Ragland v. Shattuck National Bank*,
   36 F.3d 983 (10th Cir. 1994) .................................................................. 10

*Rosen v. Prudential Retirement Ins. & Annuity Co.*,
   576 F.3d 574 (7th Cir. 2009) .................................................................. 6

*Safe Streets Alliance v. Hickenlooper*,
   859 F.3d 865 (10th Cir. 2017) ................................................................. 5

*Silk v. Phillips Petroleum Co.*,
   1998 OK 93, 760 P.2d 174 ..................................................................... 10

*Smith v. Bayer Corp.*,
   564 U.S. 299 (2011)........................................................................... 4

*Smith v. Sentinel Insurance Company*,
   No. 10-CV-269-GKF-PJC, 2010 WL 5174377 (N.D. Okla. Dec. 15, 2010) .......................... 11

*Southwest Stainless, LP v. Sappington*,
   582 F.3d 1176 (10th Cir. 2009) ............................................................... 14

*U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield*,
   472 F.3d 702 (10th Cir. 2006) ............................................................. 9, 10

*Uptegraft v. Dome Petroleum1 Corp.*,
   764 P.2d 1350 (Okla. 1988).................................................................... 10

*Wade v. Emcasco Ins. Co.*,
   483 F.3d 657 (10th Cir. 2007) ................................................................ 12

*West v. Ditech Financial*,
   No. CIV-16-213-M, 2016 WL 3200296 (W.D. Okla. June 8, 2016) ................................. 12

**Statutes**

52 OK Stat. § 570................................................................................ 1

52 OK Stat. § 570.10(B) ......................................................................... 5

52 OK Stat. § 570.10(D) ......................................................................... 5

52 OK Stat. § 903............................................................................... 13

**Rules**

Fed. R. Civ. P. 9(b) ................................................................................................................ 8, 9

## I.      Introduction and Summary of Argument

Plaintiff Chieftain Royalty Company's ("Chieftain") First Amended Complaint ("Amended Complaint," Dkt. No. 25) does not state a plausible claim for relief, because it contains no factual allegations whatsoever.  Despite this being a case supposedly about late royalty payments, Chieftain does not allege a single late payment, or any facts from which the Court could infer any payments were overdue when made.

Chieftain asserts five causes of action, each of which is described as a remedy for any "Untimely Payments" of oil and gas royalties made by Defendant Marathon Oil Company ("Marathon").  Remarkably, even though every count of the Amended Complaint depends on showing a late payment, Chieftain does not assert one.  Chieftain does not identify any oil and gas wells from which production was made; no lease obligations under which it was owed royalties; no dates on which oil and gas production occurred; no dates on which it was owed royalties; no dates on which it received royalties; and no delay or shortfall in any payments.  Indeed, though Chieftain defines and uses the term "Untimely Payments" in the complaint, that definition is itself a pure legal conclusion—Chieftain defines the term to mean any payment that violates the Oklahoma Production Revenue Standards Act, 52 O.S. § 570, *et seq*. ("PRSA").[1]

Rather than alleging facts from which the Court could infer that a violation of law occurred, the Amended Complaint is nothing more than a claim that *if* a violation of law occurred (with no indication that one did), then Chieftain would be entitled to a remedy for it.  That approach ignores and violates the Federal Rules' pleading standards as articulated by the U.S. Supreme Court in *Twombly* and *Iqbal*.  Since that failure permeates all five counts of the Amended Complaint, the complaint may be dismissed in its entirety.

---

[1] *See* Am. Compl. ¶ 5.

Counts II through V of the Amended Complaint should be dismissed for additional, independent reasons.  Specifically, in Count II, Chieftain attempts to create a new punitive-damages tort, claiming Marathon violated a heretofore unknown "duty to diligently investigate the rights of a royalty owner" to receive interest on "Untimely Payments."  Not only does Chieftain fail to allege any facts plausibly showing any "Untimely Payment" Marathon should have discovered in an "investigation," the Complaint contains no allegation identifying the source of its newly-minted "duty to diligently investigate."  No such duty exists.  Marathon's duties regarding "Untimely Payments" are set out in the PRSA, and the PRSA imposes no separate "duty to investigate."  Moreover, the Amended Complaint does not allege any basis for recovery of punitive damages based on a failure to "investigate."  Chieftain's effort to transform an alleged PRSA violation into a tort fails as a matter of law.

In Count III, Chieftain purports to allege a cause of action for fraud, but the Amended Complaint does not allege Marathon misrepresented anything to Chieftain, or that Chieftain detrimentally relied on any misrepresentation.  Additionally, the Amended Complaint fails to allege any injury from fraud.  The only harm Chieftain points to in the Amended Complaint is the interest Marathon allegedly failed to pay—the same injury Chieftain asserts in Count I.

In Count IV, Chieftain seeks an accounting of "(a) the amount of accrued interest that Plaintiff and each Class member should have been paid by Defendant, and (b) the method for calculating such amounts," and disgorgement of unspecified "benefits" derived from use of the allegedly unpaid interest.  Cmpl. ¶¶ 65, 68.  A claim for an accounting requires a showing of a violation of the plaintiff's rights, and Chieftain has not alleged facts plausibly showing that any payment to Chieftain was untimely.  Moreover, the equitable remedies of an accounting and disgorgement are barred by the Oklahoma Supreme Court's decision in *Krug v. Helmerich &*

2

*Payne, Inc.*, 2013 OK 194, ¶ 34, 320 P.3d 1012, 1022, as the PRSA provides an adequate legal remedy for any alleged "Untimely Payments."

In Count V, Chieftain seeks a permanent injunction against future failures to pay interest on "Untimely Payments," but that claim fails to state a claim on which relief may be granted for two independent reasons. First, a permanent injunction requires success on the merits, but without any late payment facts from which a cause of action could be inferred, Chieftain cannot allege an entitlement to relief. Second, the Amended Complaint fails to allege facts plausibly showing that Chieftain will suffer any irreparable injury from future PRSA violations. To the contrary, the PRSA remedy for "Untimely Payments" provides an adequate remedy at law, and the Amended Complaint alleges no facts plausibly showing otherwise.

Marathon pointed out these fatal flaws in Chieftain's original complaint at the time this suit was removed to this Court. Chieftain had months to remedy these issues while it considered whether to contest removal, and when it chose to amend its complaint rather than contest removal, it had a full and fair opportunity to remedy these shortcomings in its allegations. Chieftain's decision to leave its complaint as a set of fact-free legal conclusions demonstrates that it could not make use of any further opportunity to amend. This case should be dismissed.

## II.    The Amended Complaint Fails to State A Claim on Which Relief May Be Granted.

### A.    The Standard for Dismissal for Failure to State a Claim.

"A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint which merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice). The rule that courts must accept the truth of the allegations does

not apply to legal conclusions, and a plaintiff therefore cannot state a claim by reciting the elements of a cause of action, supported by mere conclusory statements. *Id.* at 678-79.

Even if a complaint pleads more than legal conclusions, it nevertheless is deficient if it does not state a "plausible claim for relief." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. This requirement is met only when the complaint includes "factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009).

Critically, while Chieftain seeks to bring its claims on behalf of a putative class, each named plaintiff must plausibly state a claim for which relief can be granted to that plaintiff. *Hitch Enters., Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1257 n.4 (W.D. Okla. 2012) ("At [the Rule 12(b)(6)] stage of the litigation, each **named plaintiff** must plead its own cause of action … each plaintiff must meet its own procedural burden under Rule 12(b)(6) and the pleading standard of *Twombly* and *Iqbal*.") (emphasis added).[2] Therefore, Chieftain's complaint must be dismissed if it does not state a claim as to Chieftain, regardless of whether Chieftain intends to represent a class of others in the future.

---

[2] The *Twombly/Iqbal* pleading standard applies both to cases that originate in federal court and those removed from state court. *Maikudi v. Diversified Consultants, Inc.*, No. CIV-16-912-D, 2016 WL 5819801, at *1 (W.D. Okla. Oct. 5, 2016) (slip op.) (*citing Smith v. Bayer Corp.*, 564 U.S. 299, 304 n. 2 (2011) ("[F]ederal procedural rules govern a case that has been removed.")). Moreover, in this case, the complaint has been amended under the Federal Rules after removal.

**B.**     **Count I for Violation of the PRSA Fails to State a Claim on Which Relief May Be Granted.**

The Amended Complaint asserts repeatedly, in conclusory fashion, that Marathon made "Untimely Payments" to Chieftain and failed to pay interest to Chieftain on those payments as required by the PRSA. *See, e.g.*, Cmpl. ¶¶ 7, 36, 47-49. The Tenth Circuit holds that the *Twombly*/*Iqbal* pleading standard requires that courts "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Under this standard, a "formulaic recitation of the elements of a cause of action" cannot form the basis of a claim for which relief can be granted because courts are instructed to ignore such conclusory allegations. *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). The conclusory allegations in the Amended Complaint are exactly the kind of recitation of legal elements that is to be disregarded.

The Amended Complaint does not identify a single fact from which the Court might infer a payment Marathon made to Chieftain was late or insufficient. A claim for interest under the PRSA requires a showing of a royalty payment that was not made by the applicable deadline under the statute, but in order to plausibly allege a deadline has not been met, it must allege facts that can be used to determine which of the PRSA's deadlines for payment would actually apply. *See* 52 Okl. St. § 570.10(D). The obligation to pay interest on royalties under the PRSA depends on when production occurred and when payment occurred; whether the value of the royalties owed exceeds certain dollar-value thresholds; and, depending on the size of the payments, what frequency of payment the royalty owner has requested. *See* 52 Okl. St. § 570.10(B). Because Chieftain has not alleged any facts, it has not given the Court any basis on which the Court could plausibly infer the deadline by which Marathon was required to make payments, much less that a

deadline was missed.  Even if the PRSA contained a fixed deadline, the Amended Complaint also fails to allege the due date or amount owed for any allegedly untimely royalty payment.  These are the fundamental factual issues necessary to provide Marathon basic notice of the nature of the claims and satisfy *Twombly/Iqbal.*

Moreover, Chieftain cannot treat its asserted legal conclusion—that there have been "Untimely Payments"—as a factual allegation.  The Amended Complaint uses the term "Untimely Payments" as a defined-term shorthand for a payment that violates the PRSA.  *See* Cmpl. ¶ 5.  In other words, each use of the phrase "Untimely Payments" represents a pure assertion of the legal conclusion that Marathon violated the PRSA.  As the Seventh Circuit recently put it, the *Twombly*/*Iqbal* standard "admonishes" plaintiffs "who merely parrot the statutory language of the claims that they are pleading … rather than providing some specific facts to ground those legal claims, that they must do more."  *Rosen v. Prudential Retirement Ins. & Annuity Co.*, 576 F.3d 574, 581 (7th Cir. 2009).  The Tenth Circuit has likewise recognized that one cannot assert a legal conclusion (like claiming a defendant "discriminated") without alleging the facts that would allow the Court to infer that that legal conclusion can be reached.  *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").  By defining the term "Untimely Payments" as a violation of the PRSA and then relying on the allegation that Marathon made Untimely Payments, Chieftain glosses over the complete absence of facts in the Complaint.

Stripping away the conclusory late-payment assertion, nothing remains in the Complaint to show a statutory breach.  The Amended Complaint therefore fails state a claim for violation of the PRSA.  Count I should be dismissed.

### C.      Count II for Alleged Breach of a "Duty to Investigate and Pay" Fails to State a Claim on Which Relief May Be Granted.

Chieftain next asserts that "Defendant has a duty to diligently investigate the identity and location of Owners and to timely pay [royalties] and failing that, to pay statutory interest."  Cmpl. ¶ 52.  Although Chieftain identifies in that very sentence the PRSA's exclusive remedy for untimely royalties (statutory interest), Chieftain contends that it should also receive punitive damages based on a breach of the "duty to diligently investigate … and to timely pay"—a new tort never before recognized in Oklahoma, the existence of which Chieftain does not even attempt to support through any facts, statute, or case authority.  *Id.* ¶¶ 52, 55.

First, Chieftain does not allege any facts from which the Court could infer that this imagined duty was breached.  As described above, Chieftain does not allege facts showing any "Untimely Payments" occurred.  Since Chieftain asserts the breach of this duty is the failure to "diligently investigate the rights of the Plaintiff and the Class to receive interest on Untimely Payments and pay such interest … when owed," Chieftain's claim depends on alleging that a payment was untimely, interest was owed, and interest was not paid.  *Id.* ¶ 53.  Chieftain's failure to allege facts showing that any payment was untimely means there is no alleged breach of the duty to consider.

Second, there is no free-standing "duty to investigate," much less is there a tort for breach of that non-existent duty.  Marathon's obligations to Chieftain as a royalty owner are set out in oil and gas leases, orders of the Oklahoma Corporation Commission, and the PRSA.  Chieftain does not allege that any of these documents or obligations impose any "duty to diligently investigate," and it could not so allege.  No such duty is described in the PRSA's text, and no Oklahoma court has implied a covenant to investigate into an oil and gas lease.  Indeed, under Oklahoma law, "implied covenants are not favored" in oil and gas leases.  *See Mercury Inv. Co. v. F. Woolworth*

*Co.*, 706 P.2d 523, 530 (Okla. 1985); *Bonner v. Okla. Rock Corp.*, 863 P.2d 1176, 1184-85 (Okla. 1993) ("[C]onstructive covenants … are disfavored in law; courts are reluctant to imply them where the obligations sought to be imposed are not expressed in the written text.").  Neither could one ascribe a duty to investigate to some obligation to perform contracts in good faith.  Oklahoma courts have generally refused to extend a "bad faith" tort outside of the insurance context.  *See Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 999 (10th Cir. 2008) (*citing Allison v UNUM Life Ins. Co.*, 381 F.3d 1015, 1027 (10th Cir. 2004) ("[T]here is no dispute that the Oklahoma [bad faith] law is directed toward the insurance industry.")).  Specifically, Oklahoma federal courts finding no special relationship between operators and royalty owners akin to an insurer and its insured, have refused to extend "bad faith" tort liability to that relationship.  *Cimarex Energy Co. v. Calhoon,* CIV-11-525-D, 2012 WL 1371386, at *4 (W.D. Okla. Apr. 19, 2012) ("This Court has consistently refused to extend tortious breach of the duty of good faith and fair dealing to cases similar to the case at bar.") (collecting and discussing cases).  The "purpose of an oil and gas lease is to seek commercial advantage and take associated commercial risks; the purpose is not the elimination of risk as is the purpose of an insurance contract." *Id.*

As a matter of law, Marathon owed no "duty to diligently investigate" Chieftain's rights to receive interest.  Because Chieftain alleges neither facts showing an Untimely Payment nor a legal duty to investigate, Count II fails to state a claim and should be dismissed.

### D.   Count III for Fraud Fails to State a Claim on Which Relief May Be Granted.

For three independent reasons, Chieftain's fraud claim should be dismissed.

#### 1.   Chieftain's fraud claim fails for the same reason as Count I.

First, Chieftain's fraud claim requires a late payment, and none has been alleged. Paragraphs 59 and 62 of the Complaint make clear that the fraud cause of action is predicated on the allegations that Marathon made late payments to Chieftain and owes statutory interest for late

payments—the same alleged statutory violations asserted in Count I.   Because Chieftain does not allege facts plausibly showing that Marathon made late payments and owes statutory interest under the PRSA, the fraud claim fails to satisfy the *Twombly/Iqbal* standard.

### 2. Chieftain fails to sufficiently plead the elements of fraud.

Not only is no late payment alleged, but Chieftain does not even attempt to allege fraud in conclusory fashion.  The elements of fraud under Oklahoma law are:

> (1) a false material misrepresentation, (2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, (3) with the intention that it be acted upon, and (4) which is relied on by the other party to [its] detriment.

*Estrada v. Kriz*, 2015 OK CIV APP 19, ¶ 14, 345 P.3d 403 (citation omitted).  To allege fraud, Chieftain must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires that a plaintiff "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  *Leisure Hosp., Inc. v. Hunt Props., Inc.*, No. 09-cv-27-GKF-PJC, 2010 WL 4824495, at *4 (N.D. Okla. Nov. 22, 2010) (*citing U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726-27 (10th Cir. 2006)).  Chieftain's Amended Complaint, however, merely repurposes conclusory PRSA-violation allegations into generalized fraud allegations.

The Complaint does not describe any misrepresentation by Marathon.  Instead, Chieftain claims Marathon owed duties to owners of interests in wells and "took on such duties with the intent to deceive Owners."  Cmpl. ¶¶ 58-59.  But Chieftain does not allege the substance of any deceptive representation or communication.  Without a representation, Chieftain cannot satisfy the second element of fraud, *i.e.*, the requirement that the representation be made as a positive assertion which is known to be false, or that it be made recklessly without knowledge of the truth.

9

Neither does the Complaint allege an actionable omission. The requirements of Rule 9(b) are applicable to omissions just as they are to express representations. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *Leisure Hosp.*, 2010 WL 4824495, at *4; *Sikkenga*, 472 F.3d at 726-27. "[T]he complaint must set forth (1) precisely what statements were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements." *Gerlicher Co. v. Standridge of Tulsa, LLC*, No 09-cv-461-GKF-TLW, 2010 WL 2990005, at *1 (N.D. Okla. July 27, 2010). If Chieftain intends to claim Marathon failed to tell Chieftain about late payments, the Amended Complaint fails to plead facts supporting a claim of fraud by silence. Oklahoma law allows a fraud-by-silence claim when an affirmative representation was made false by a failure to disclose additional facts. *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353-54 (Okla. 1988); *see also Ragland v. Shattuck National Bank*, 36 F.3d 983, 991 (10th Cir. 1994) (fraud-by-silence claim available when an affirmative disclosure is made misleading by the omission of information). As noted above, Chieftain fails to allege any affirmative representation made by Marathon, so this basis for a fraud-by-silence claim cannot save Count III.

Without an affirmative representation, Oklahoma courts only recognize a claim for fraud by silence when "there is a failure to disclose a material fact by *one having a duty to disclose* and who remained silent to that party's benefit and the detriment of the other party." *Clinesmith v. Harrell*, 1999 OK CIV APP 121, ¶ 5, 992 P.2d 926 (*citing Silk v. Phillips Petroleum Co.*, 1998 OK 93, 760 P.2d 174) (emphasis added). Here, the Amended Complaint does not allege any facts plausibly showing that Marathon had a duty to disclose to Chieftain that a late payment had occurred; indeed, Chieftain does not even factually allege Marathon made a late payment.

10

Chieftain also fails to allege detrimental reliance on a misrepresentation, the fourth fraud element.   Numerous Oklahoma federal courts have emphasized a plaintiff must plead facts showing detrimental reliance on a misrepresentation to survive dismissal.  *See, e.g.*, *Chieftain Royalty Co. v. DOTEPI, Inc.*, No. CIV-11-344-R, 2011 WL 9527717, at *4 (W.D. Okla. July 14, 2011); *McKnight v. Marathon Oil Co.*, CIV-17-00264-R, 2017 WL 1628981, at *1 (W.D. Okla. May 1, 2017).  The Complaint contains no such allegation.  Instead, the Amended Complaint only alleges that "Plaintiff and the Class relied on and trusted Defendant *to pay them* the full O&G Proceeds to which they were entitled under Oklahoma law."  Cmpl. ¶ 60 (emphasis added).  Thus, Chieftain's only reliance allegation is that Chieftain relied on Marathon to pay it the money owed, not that it relied on a misrepresentation.  Because the Amended Complaint fails to allege facts plausibly showing that Chieftain relied to its detriment on a misrepresentation by Marathon, Count III fails to state a claim on which relief may be granted.

### 3.    Chieftain's fraud claim fails to allege facts showing that Chieftain suffered an injury from the alleged fraud.

Oklahoma law also requires that the plaintiff in a fraud claim show that it suffered injury as a result of the alleged fraud.  This principle was applied by the court in *Smith v. Sentinel Insurance Company*, No. 10-CV-269-GKF-PJC, 2010 WL 5174377, at *1 (N.D. Okla. Dec. 15, 2010).  In *Smith*, the plaintiffs asserted claims against an insurance company for breach of contract and fraud based on the alleged failure to pay for roof repairs.  The court noted that a fraud claim requires a showing that the plaintiffs "acted in reliance upon [a material misrepresentation] and *thereby suffered injury*." *Id.* (emphasis in original).  The court held that the costs associated with the roof "may be sought as contract damages" but that such harm was "not plausibly related to any alleged fraud." *Id.*

11

Failure to tie damages to detrimental reliance results in dismissal of fraud claims in Oklahoma federal courts. *See, e.g.*, *West v. Ditech Financial*, No. CIV-16-213-M, 2016 WL 3200296, at \*4 (W.D. Okla. June 8, 2016) (*citing Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 675 (10th Cir. 2007)); *see also McGregor v. Nat'l Steak Processors, Inc.*, No. 11-CV-0580-CVE-TLW, 2012 WL 314059, at \*3 (N.D. Okla. Feb. 1, 2012); *McKnight*, 2017 WL 1628981 at \*2.  That principle applies here.  Chieftain alleges no facts showing that it suffered injury as a result of its reliance on any alleged representation; instead, it only alleges it was harmed by Marathon's alleged failure to pay interest as required by the PRSA.  The failure to allege facts showing a causal connection between a Marathon misrepresentation and an alleged injury is fatal to the fraud claim.

For all of these independent reasons, Count III fails to state a claim on which relief may be granted and should be dismissed.

### E.   Count IV for the Equitable Remedies of an Accounting and Disgorgement Fails to State a Claim on Which Relief May Be Granted.

Count IV seeks the equitable remedies of an accounting and disgorgement.  As a threshold matter, both the accounting and disgorgement remedies rely upon the existence of "Untimely Payments" by Marathon.  As to the accounting remedy, "a plaintiff must show that a balance is due in order to establish a right to an accounting." *Chieftain Royalty Co. v. Dominion Okla. Tex. Expl. & Prod., Inc.*, 2011 WL 9527717, at \*6 (W.D. Okla. July 14, 2011); *see also Hitch Enters.*, 859 F. Supp. 2d at 1258-59 (accounting remedy only available if plaintiff prevails on a theory of recovery).  Because Chieftain has not alleged facts plausibly showing that any of Marathon's payments to Chieftain were late and that interest is owed, Chieftain has not stated a plausible claim for an accounting remedy.  As to the disgorgement remedy, Chieftain's claim is predicated on the existence of Untimely Payments for which no interest was paid.  Paragraph 68 of the Complaint seeks disgorgement "of any benefits derived from its improper and unlawful use of Plaintiff's and

the Class' interest payments," making it clear that the request for disgorgement is based on alleged Untimely Payments for which interest is owed.  The Complaint's failure to allege facts plausibly showing that Marathon made late payments to Chieftain and that interest was owed to Chieftain precludes the disgorgement remedy as well.  Because Chieftain does not plead facts plausibly showing Marathon made late payments to Chieftain, Count IV fails to state a claim for the same reasons Count I fails to state a claim.

Moreover, the existence of a statutory remedy for "Untimely Payments" bars the requested equitable remedies Chieftain seeks.  The equitable remedies of accounting and disgorgement are unavailable in any action in which the remedy of damages is available. *Krug v. Helmerich & Payne, Inc.*, 2013 OK 194, ¶ 34, 320 P.3d 1012, 1022.  In *Krug*, the Court specifically rejected the availability of unjust enrichment/disgorgement because "[t]he longstanding rule in Oklahoma is that plaintiff may not pursue an equitable remedy when the plaintiff has an adequate remedy at law." *Id.*  Such a remedy for "Untimely Payments" exists under the PRSA.

Moreover, the equitable remedies Chieftain seeks are also barred by 52 O.S. § 903, which states:

> [A]s long as paragraph 1 of subsection D of Section 570.10 of Title 52 of the Oklahoma Statutes provides for an interest rate equal to or greater than twelve percent (12%) compounded annually, the Production Revenue Standards Act shall provide the ***exclusive remedy*** to a person entitled to proceeds from production for failure of a holder to pay the proceeds within the time periods required for payment.

(Emphasis added.)   That statute bars Chieftain's requests for the equitable remedies of an accounting and disgorgement, which go beyond those expressly provided for in the PRSA.

### F.    Count V for a Permanent Injunction Fails to State a Claim on Which Relief May Be Granted.

Count V seeks a "permanent injunction, ordering Defendant to pay interest as required by law when Defendant makes future Untimely Payments to Plaintiff, the Class, and royalty owners."

Cmpl. ¶ 74.  The Tenth Circuit has set out the elements of a request for a permanent injunction as follows:

> For a party to obtain a permanent injunction, it must prove: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Southwest Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009).

As to the first element—actual success on the merits—the request for a permanent injunction is necessarily dependent on a showing that Marathon has made Untimely Payments to Chieftain and failed to pay interest thereon.  As shown above, the Complaint fails to allege facts plausibly showing that Marathon has made any late payments to Chieftain or that Chieftain has suffered any injury.

As to the second element—irreparable harm unless the injunction is issued—the interest remedy in the PRSA is an adequate remedy at law that precludes any showing that Chieftain would suffer irreparable injury in the absence of a permanent injunction against future PRSA violations.

## III. Plaintiff Should Not Be Granted Leave to Amend Because the Amended Complaint Represents the Plaintiff's Best Effort at Addressing the Issues Raised in this Motion.

Any request for leave to amend may be denied as futile.  A district court can deny a request for leave to amend a complaint when the complaint, as amended, would be subject to dismissal. *Burke v. New Mexico*, 696 Fed. App'x 325, 329 (10th Cir. 2017).  Chieftain has already had the opportunity to address the Amended Complaint's deficiencies identified in this Motion.  The Amended Complaint was filed nearly three months after Marathon filed its Motion to Dismiss the Original Complaint (Dkt. Nos. 1, 2, 6), and since Marathon's prior Motion to Dismiss already identified these flaws in the Original Complaint, the Amended Complaint indicates Chieftain has

no facts to allege that would resolve these issues.  A third attempt to plead these claims should be denied as futile.

## **CONCLUSION**

All counts of Chieftain's Amended Complaint are predicated on the existence of "Untimely Payments" by Marathon to Chieftain, and Chieftain has failed to allege facts plausibly showing that any Marathon payments to Chieftain were late.  For that reason alone, each count of the Complaint fails to state a claim on which relief may be granted.  Moreover, Counts II through V fail to state claims for which relief may be granted for other independent reasons as set out above. Chieftain's First Amended Complaint should be dismissed for failure to state a claim.

Respectfully Submitted,

*/s/ Jay P. Walters*
Jay P. Walters, OBA No. 17364
GABLEGOTWALS
211 N. Robinson, Suite 1500
Oklahoma City, OK 73102-8820
Telephone: (405) 235-5517
Facsimile: (405) 235-2875
jwalters@gablelaw.com

Guy S. Lipe (admitted pro hac vice)
VINSON & ELKINS, LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002
Telephone: (713)758-1109
Facsimile: (713)615-5607
glipe@velaw.com

**ATTORNEYS FOR DEFENDANT
MARATHON OIL COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2017, I electronically transmitted the attached document to the clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Michael T. Burrage
WHITTEN BURRAGE
512 N. Broadway Ave, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

Robert N. Barnes
Patranell Lewis
BARNES & LEWIS, LLP
208 NW 60th ST
Oklahoma City, OK 73118
Telephone: (405) 843-0363
Facsimile: (405) 843-0790
rbarnes@bameslewis.com
plewis@barneslewis.com

Patrick M. Ryan
Phillip G. Whaley
Jason A. Ryan
Paula M. Jantzen
RYAN WHALEY COLDIRON JANTZEN
PETERS & WEBBER PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: 405-239-6040
Facsimile: 405-239-6766
pryan@ryanwhaley.com
pwhaley@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com

Lawrence R. Murphy, Jr.
Mariann M. Robison
RICHARDS & CONNOR
ParkCentre Building
525 South Main Street
Twelfth Floor
Tulsa, OK 74103-4509
Telephone: (918) 585-2394
Facsimile: (918) 585-1449
lmurphy@richardsconnor.com
mrobison@richardsconnor.com

/s/ Jay P. Walters
Jay P. Walters