# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHIEFTAIN ROYALTY COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-17-334-SPS |
| | ) |
| **MARATHON OIL COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

This matter comes before the Court on motion by Defendant Marathon Oil Company ("Marathon") for dismissal of the Plaintiff's First Amended Complaint for failure to state a claim. For the reasons set forth below, the Court finds that the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Docket No. 26] is hereby **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

The Plaintiff Chieftain Royalty Company ("Chieftain") is an Oklahoma Corporation that owns oil and/or gas wells, including a well in Blaine County, Oklahoma, described as Boeckman 1-13H. The Defendant Marathon Oil Company is the operator of that same well. Chieftain contends that Defendant, as the operator, is obligated to pay oil and gas production proceeds to Plaintiff within certain time periods described by state statute. Plaintiff contends that the Defendant has failed to comply with this obligation, and instead engages in the practice of delaying payment of proceeds and denying interest payments.

In addition to the personal allegations, Chieftain asserts that it is acting as representative of a class defined as:

> All non-excluded persons or entities who
>
> (1) Received, or during the pendency of this action will receive, Untimely Payments from Defendant for O&G Proceeds from Oklahoma Wells and whose payments did not also include the statutory interest prescribed by the Act;
>
> (2) currently are, or become during the pendency of this action, Owners legally entitled to O&G Proceeds held by Defendant in Suspense Accounts (for reasons of unmarketable title, unknown addresses, and/or other reasons) for more than the applicable time periods prescribed in the Act, without the payment by Defendant of statutory interest prescribed by the Act for the benefit of such Owners.
>
> The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America or the State of Oklahoma; (2) publicly traded oil and gas companies and their affiliates; and (3) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; and (4) officers of the court, and (5) Owners who are entitled to O&G Proceeds form an Oklahoma Well of less than $10.00 for a calendar year pursuant to Okla. Stat. tit. 52 § 570.10(B)(3)(a).

Docket No. 25, pp. 4-5, ¶ 17. The class allegations indicate that the common questions of fact include: (a) whether Plaintiff and the Class own legal interests in the Oklahoma Wells for which Defendant has an obligation to pay O&G Proceeds; (b) whether, under Oklahoma law, Defendant owed interest to Plaintiff and the Class on any Untimely Payments, either received or not yet received; and (c) whether Defendant had a duty to promptly investigate whether Plaintiff and the Class were owed interest and, if so, to properly pay the interest owed to the Plaintiff and the Class; (d) whether Defendant's failure to pay interest to Plaintiff and the Class on any Untimely Payments, either received or not yet received,

constitutes a violation of the Act; (e) whether Defendant defrauded Plaintiff and the Class by knowingly withholding statutory interest; and (f) whether Defendant is obligated to pay interest on future Untimely Payments, either received or not yet received. *See* Docket No. 25, p. 5, ¶ 19.

The Plaintiff's Complaint sets out the following enumerated causes of action: (I) breach of statutory duty to pay O&G Proceeds and interest, (II) breach of duty to investigate and pay, (III) fraud, and (IV) accounting and disgorgement, and (V) injunctive relief. The Defendants have moved to dismiss all Counts.

## ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation

marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**Breach of Statutory Duty to Pay O&G Proceeds and Interest.** Marathon first asserts that the Plaintiff's Count I (Breach of Statutory Duty to Pay O&G Proceeds and Interest) should be dismissed for failure to state a claim. Chieftain alleges in the First Amended Complaint that Marathon held payments belonging to Chieftain (and the purported class), and in doing so failed to make timely payments, and did not pay the interest owed on these untimely payments. Marathon contends that this claim is conclusory because Chieftain has not identified specific late or insufficient payments and contains no information to infer deadlines for when Marathon was supposed to have made these payments, and that the use of the phrase "Untimely Payments" is a legal conclusion without factual support.

The Tenth Circuit has stated that "the *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face," but that "Rule 8(a)(2) ["A pleading that states a claim for relief must contain . . . a short

and plain statement of the claim showing that the pleader is entitled to relief.] still lives."
*Khalik*, 671 F.3d at 1191, 1193. This was recognized by the Supreme Court in *Erickson v. Pardus*, 551 U.S. 89 (2007), finding that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, *quoting Twombly*, 550 U.S. at 555, *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Here, the Plaintiff alleges that Defendant made payments of oil and gas proceeds in an untimely manner, in violation of Okla. Stat. tit. 52, § 570.10, and further failed to pay interest on these untimely payments. The Court finds that the allegations are sufficient where, as here, the rate of interest is statutorily prescribed and it does not appear that the Defendant lacks knowledge to defend this claim. *See Reirdon v. Cimarex Energy Co.*, 2016 WL 4991552, at *3, Case No. CIV-16-113-KEW (E.D. Okla. Sept. 16, 2016) ("The level of specificity sought by Defendant is not mandated by the plausibility standard in *Twombly/Iqbal* and their progeny. Post-*Twombly*, the essence of Rule 8 of the Federal Rules of Civil Procedure remains providing a 'defendant fair notice of what the . . . claim is and the grounds upon which it rests' and cautioning that '[s]pecific facts are not necessary.'"), *quoting Khalik*, 671 F.3d at 1192. Accordingly, Marathon's Motion to Dismiss is denied as to Count I.

**Breach of Duty to Investigate and Pay.** Next, Marathon contends that Chieftain's claim that Marathon breached a duty to investigate and pay oil and gas proceeds and owes punitive damage for this breach is a new tort that has never been recognized in Oklahoma, and that there is no free-standing duty to investigate. Okla. Stat. tit. 52, § 903 provides that the Production Revenue Standards Act ["PRSA"] shall provide the *exclusive remedy* to the

person entitled to proceeds from production for failure of a holder to pay the proceeds within the time periods required for payment." That statute further indicates that the statutorily-prescribed interest rates:

> are deemed to be adequate remedies for failure to pay proceeds within the time periods required for payment and **no other penalty or damages shall be recoverable** in any litigation involving a claim for unpaid or underpaid proceeds from production including, without limitation, punitive or exemplary damages or disgorgement damages, **<u>unless</u> there shall be a determination by the finder of fact upon clear and convincing evidence that the holder who failed to pay such proceeds did so with the actual, knowing and willful intent: (a) to deceive the person to whom the proceeds were due, or (b) to deprive proceeds from the person the holder knows, or is aware, is legally entitled thereto.**

Okla. Stat. tit. 52, § 903 (emphasis added).

Marathon continues the argument from the first claim, that Chieftain has failed to allege facts establishing untimely payments, and further asserts that there is no separate duty to investigate, much less a tort for breach of such a duty. Chieftain contends that it has satisfied its burden at this stage, and that such a duty has long been recognized by the Oklahoma Supreme Court. The Court finds that the Plaintiff has raised a claim for punitive damages under Okla. Stat. tit. 52, § 903. Although it is not technically a separate claim for relief from the claimant's first claim, the Court finds that dismissal is premature until the merits of the first claim has been determined.

**<u>Fraud.</u>** Next, Marathon asserts that Chieftain's claim of Fraud, Count III, failed to state a claim for relief. Specifically, Marathon argues: (i) again, that Chieftain has not alleged facts that Marathon made untimely payments and owes statutory interest; (ii) that Chieftain has not properly pleaded the elements of fraud; and (iii) that Chieftain has not

alleged an injury. Under Fed. R. Civ. P. 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In this case, Chieftain alleges that Marathon "took on such duties [to pay oil and gas proceeds to owners in accordance with Oklahoma law] with the intent to deceive Owners and not to pay the full O&G Proceeds owed. Specifically, Defendant knew it owed interest on Untimely Payments, but knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members. Further, Defendant intended to avoid its obligation to pay the statutorily mandated interest and only pay when an Owner specifically requests payment of the statutory interest." Docket No. 25, p. 12, ¶ 59. Furthermore, Chieftain alleges that "Plaintiff and the Class relied on and trusted Defendant to pay them the full O&G proceeds" and that "Plaintiff and the Class have been damaged by Defendant's actions and violations of law." *Id.* at ¶¶ 60-61.

In the Tenth Circuit, a Complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), *quoting Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 127, 180 (10th Cir. 1991). The purpose of this requirement is to provide the Defendants with "fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Id.* at 1236-1237 (citations omitted). Additionally, "[u]nder the Supreme Court's plausibility standard, the plaintiffs were required to plead sufficient facts to create a reasonable inference of reliance." *Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d

1249, 1261 (W.D. Okla. 2012), *citing Iqbal*, 556 U.S. at 678, *and Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) ("[A] complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.") (quotation omitted). The Court therefore finds that here, as in *Hitch*, "[t]he plaintiff['s] allegation of reliance is conclusory and lacking factual specificity. Allegations are not entitled to be assumed to be true when they merely restate the essential elements of a claim rather than provide specific facts to support those elements." *Hitch*, 859 F. Supp. 2d at 1261. *See also Chieftain Royalty Co. v. Dominion Oklahoma Texas Exploration & Production, Inc.*, 2011 WL 9527717, at *4 (W.D. Okla. July 14, 2011) ("Plaintiffs have failed to allege that they relied to their detriment on the alleged false and misleading monthly statements sent by DOTEPI, *and any facts showing that that was the case*.") (emphasis added). Although there may be some information not in the hands of the Plaintiff at this stage of the litigation, that is not the case with facts establishing a reasonable inference of reliance. Accordingly, Count III (Fraud) is dismissed without prejudice.

**Accounting, Disgorgement, and Injunctive Relief.** Finally, the Plaintiff set forth Counts IV (Accounting and Disgorgement) and V (Injunctive Relief) as separately enumerated claims. The Court notes that these claims for equitable relief necessarily flow out of the base claims of breach of contract and fraud, but finds that separately identifying these requests for relief does not merit dismissal at this stage of the proceedings as it is premature to determine whether one or all of the bases for equitable relief has merit. *See, e. g., Hitch*, 859 F. Supp. 2d at 1258-1259 ("Because certain theories of recovery survive

the defendants' instant request for dismissal – theories for which equitable remedies are also available – and because the Court cannot determine at this stage whether these equitable remedies are 'necessary to afford the parties complete relief," the Court finds that the defendants are not entitled at this juncture to dismissal of the plaintiffs' 'claim' for accounting[.]"), *citing Fleet v. Sanguine, Ltd.*, 1993 OK 76, ¶ 19, 854 P.2d 892, 902. As such, Marathon's motion to dismiss is denied as to Counts IV (Accounting and Disgorgement) and V (Injunctive Relief).

## CONCLUSION

Consequently, IT IS ORDERED that the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Docket No. 26] is hereby GRANTED as to Count III (Fraud), and DENIED as to Counts I (Breach of Statutory Duty to Pay O&G Proceeds and Interest), II (Breach of Duty to Investigate and Pay), IV (Accounting and Disgorgement), and V (Injunctive Relief). Furthermore, Count III (Fraud) is dismissed without prejudice. Plaintiff is given fourteen days to file an Amended Complaint.

**DATED** this 7th day of June, 2018.

_Steven P. Shreder_
United States Magistrate Judge
Eastern District of Oklahoma