# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

CHIEFTAIN ROYALTY COMPANY; )
KELSIE WAGNER, TRUSTEE OF THE )
KELSIE WAGNER TRUST; AND )
KELSIE WAGNER, SUCCESSOR )
TRUSTEE OF THE WADE COSTELLO )
TRUST, )
)
         Plaintiffs, )
)
v. ) Case No. CIV-17-334-SPS
)
MARATHON OIL COMPANY. )
)
         Defendant. )

## OPINION AND ORDER

This matter comes before the Court on motion by Defendant Marathon Oil Company ("Marathon") for partial dismissal of the Plaintiffs' Second Amended Complaint for failure to state a claim. For the reasons set forth below, the Court finds that the Defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support [Docket No. 49] should be hereby **DENIED**.

## BACKGROUND

The Plaintiff Chieftain Royalty Company ("Chieftain") is an Oklahoma Corporation that owns mineral interests as well as oil and/or gas wells, including a well in Blaine County, Oklahoma, described as Boeckman 1-13H. Plaintiff Kelsie Wagner, as Trustee of the Kelsie Wagner Trust, and as Successor Trustee of the Wade Costello Trust, also owns mineral interests and is an Owner in Oklahoma Well 3R 1-34H. The Defendant Marathon

Oil Company is the operator of these wells. The Plaintiffs contends that Marathon, as the operator, is obligated to pay oil and gas production proceeds to them within certain time periods described by state statute but that Marathon has failed to comply with this obligation, and instead engages in the practice of delaying payment of proceeds and denying interest payments.

In addition to the personal allegations, Plaintiffs assert that they are acting as representatives of a class defined as:

> All non-excluded persons or entities:
>
> (1) who received, or during the pendency of this action will receive, Untimely Payments from Defendant for O&G Proceeds from Oklahoma Wells and whose payments did not also include the statutory interest prescribed by the Act;
>
> (2) whose O&G Proceeds have been, or during the pendency of this action will have been, paid over by Defendant to various state agencies as unclaimed or abandoned property without the payment of statutory interest prescribed by the Act; or
>
> (3) who currently are, or become during the pendency of this action, Owners legally entitled to O&G Proceeds held by Defendant in Suspense Accounts (for reasons of unmarketable title, unknown addresses, and/or other reasons) for more than the applicable time periods prescribed in the Act, without the payment by Defendant of statutory interest prescribed by the Act for the benefit of such Owners.
>
> The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America; (2) Commissioners of the Land Office of the State of Oklahoma (CLO); (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities (and their affiliates) who are the Oklahoma Corporation Commission (OCC) designated operator of more than fifty (50) Oklahoma wells in the month when this Class definition was originally filed; (5) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; and (6) officers of the court, and (7) Owners in regard to whom Defendant is required by the PRSA to pay

> O&G Proceeds annually for the 12 months accumulation of Proceeds totaling less than $100.00, provided, however, this exclusion of so-called "minimum pay" Owners does not apply to interest claims for other 12 month periods accumulation of Proceeds when the same Owner was entitled to $100 or more and thus not in a "minimum pay" status.

Docket No. 49, p. 5, ¶ 19. The class allegations indicate that the common questions of fact include: (a) whether Plaintiffs and the Class own legal interests in the Oklahoma Wells for which Defendant has an obligation to pay O&G Proceeds; (b) whether, under Oklahoma law, Defendant owed interest to Plaintiffs and the Class on any Untimely Payments, either received or not yet received; (c) whether Defendant had a duty to promptly investigate whether Plaintiffs and the Class were owed interest and, if so, to properly pay the interest owed to the Plaintiff and the Class; (d) whether Defendant's failure to pay interest to Plaintiffs and the Class on any Untimely Payments, either received or not yet received, constitutes a violation of the Act; (e) whether Defendant defrauded Plaintiffs and the Class by knowingly withholding statutory interest; and (f) whether Defendant is obligated to pay interest on future Untimely Payments, either received or not yet received. *See* Docket No. 47, pp. 5-6, ¶ 21.

On December 12, 2017, Plaintiff Chieftain Royalty Company filed the First Amended Complaint which contained the following causes of action: (I) breach of statutory duty to pay O&G Proceeds and interest, (II) breach of duty to investigate and pay, (III) fraud, and (IV) accounting and disgorgement, and (V) injunctive relief. The Defendant moved for dismissal of all claims. *See* Docket Nos. 25-26. This Court denied the motion as to Counts I, II, IV, and V, but granted the motion as to Count III, the fraud claim, dismissing it without prejudice and giving Plaintiffs fourteen days to amend the

Complaint. *See* Docket No. 41. Plaintiffs then filed their Second Amended Complaint, which sets out the following enumerated causes of action: (I) breach of statutory obligation to pay interest, (II) breach of duty to investigate and pay, (III) fraud, (IV) accounting and disgorgement, and (V) injunctive relief. The Defendants have again moved to dismiss Count III, the claim of fraud, for failure to state a claim for relief.

## ANALYSIS

Marathon asserts that the Plaintiffs' claim of fraud in the Second Amended Complaint again fails to state a claim for relief. Specifically, Marathon argues that the Plaintiffs have failed to allege facts sufficient to establish each of the elements of fraud (either actual or constructive), but particularly the element of detrimental reliance. Marathon thus asserts that the Plaintiffs' claim of fraud should be dismissed with prejudice.

Under Fed. R. Civ. P. 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In this case, Chieftain alleges, *inter alia*, that Marathon

> took on the duties [to pay oil and gas proceeds to owners in accordance with Oklahoma law] . . . with the intent to deceive Owners and not pay the full O&G Proceeds owed. Specifically, Defendant knew it owed interest on Untimely Payments, but knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members. Further, Defendant intended to avoid its obligation to pay the statutorily mandated interest and only pay when an Owner specifically requests payment of the statutory interest. Owners have no knowledge that Defendant has held their O&G Proceeds in suspense with no intention of paying statutory interest. Owners have no knowledge that Defendant has paid over to various states their O&G Proceeds with no payment of statutory interest earned pursuant to the Act. The Act gives Owners a right to be accurately informed of the facts and Defendant has a duty to accurately inform Owners of the facts on which their

> royalty payments are based. On its check stubs, Defendant failed to inform Owners that they were entitled to statutory interest. Further, Defendant failed to inform Owners on their check stubs whether statutory interest was included in the checks, the amount of such interest, or the rate by which it was calculated. Defendant maintains all of the information necessary to determine when an Owner is entitled to interest and the proper amount under the Act. As such, Defendant knowingly and intentionally deprives Owners of money to which Defendant knows they are legally entitled.

Docket No. 47, pp. 12-13, ¶¶ 60-64. Plaintiffs allege that Marathon does not inform Owners of this practice "until it receives a written request from an Owner," and that "checks and check stubs Defendant sen[ds] to Plaintiffs and the Class are the common means by which Defendant communicates with Plaintiffs and the Class." *Id.*, p. 13, ¶¶ 66-67. Plaintiffs assert that this "failure to include statutory interest in the amount of royalty proceeds paid to Plaintiffs and the Class constitutes an omission of material fact." *Id.*, p. 13, ¶ 68. Moreover, Plaintiffs assert that:

> Defendant could have easily included information on unpaid statutory interest when it sent checks to Owners. Defendant intentionally chose not to disclose the fact that it was not paying Owners the statutory interest it owed on Untimely Payments, and Defendant obtained the result it intended, namely, ensuring Owners' lack of knowledge. . . . Defendant's failure to pay the interest it owes to Plaintiffs and the Class is a result of Defendant's actual knowing and willful intent: (a) to deceive the members of the Class, and/or (b) to deprive such interest from persons the Defendant knows, or is aware, are legally entitled thereto.

*Id.*, pp. 13-14, ¶¶ 70, 72. Furthermore, Plaintiffs allege that "Plaintiffs and the Class relied on and trusted Defendant to pay them the full O&G proceeds" and that they "acted in reliance on Defendant's failure to disclose and pay statutory interest owned to them by not disputing Defendant's calculations of the amount paid to them." *Id.*, p. 13, ¶¶ 65, 69. They

thus assert that "Plaintiffs and the Class have been damaged by Defendant's actions and violations of law." *Id.*, p. 14 at ¶ 71.

As this Court stated in its previous Order, *see* Docket No. 41, in the Tenth Circuit, a Complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), *quoting Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 127, 180 (10th Cir. 1991). The purpose of this requirement is to provide the Defendants with "fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Id.* at 1236-1237 (citations omitted). Additionally, "[u]nder the Supreme Court's plausibility standard, the plaintiffs were required to plead sufficient facts to create a reasonable inference of reliance." *Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1261 (W.D. Okla. 2012), *citing Iqbal*, 556 U.S. at 678, *and Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) ("[A] complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.") (quotation omitted).

As to the Plaintiffs' Second Amended Complaint, the Court finds that Plaintiffs have met these standards at this early stage of the litigation and in light of the allegedly uneven positions of the parties with regard to information. *See Reirdon v. Cimarex Energy Co.*, 2016 WL 4991552, at *3 (E.D. Okla. Sept. 16, 2016) ("At this early stage of the litigation, Plaintiff minimally sets forth the facts surrounding the alleged fraud, given the factual basis for the claims. . . . Given the allegedly uneven positions of the parties with regard to the

information upon which the claim of fraud is based, Plaintiff has plead as particularly as the facts allow."). *See also Cecil v. BP America Production Co.*, 2017 WL 2987174, at *3 (E.D. Okla. March 20, 2017) ("In fact, Plaintiff alleged each element, including detrimental reliance.").

## CONCLUSION

Consequently, IT IS ORDERED that the Defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support [Docket No. 49] is hereby DENIED.

**DATED** this 26th day of September, 2018.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma