IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHIEFTAIN ROYALTY COMPANY, ) <br> KELSIE WAGNER, TRUSTEE OF THE ) <br> KELSIE WAGNER TRUST AND ) <br> KELSIE WAGNER, SUCCESSOR ) <br> TRUSTEE OF THE WADE ) <br> COSTELLO TRUST ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MARATHON OIL COMPANY, ) <br> ) <br>     Defendant. ) | Case No. CIV-17-334-SPS |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES,
APPROVING FORM AND MANNER OF NOTICE,
AND SETTING DATE FOR FINAL FAIRNESS HEARING**

This is a class action lawsuit brought by Plaintiffs, Chieftain Royalty Company, Kelsie Wagner as Trustee of the Kelsie Wagner Trust, and Kelsie Wagner as Successor Trustee of the Wade Costello Trust, on behalf of themselves and as representatives of a class of owners (defined below), against Marathon Oil Company ("Defendant"), for the alleged failure to pay statutory interest on payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okla. St. §570.1, *et seq.* (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. On December 11, 2018, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") and the Supplemental Agreements finalizing the terms

of the Settlement.[1] The Settlement Agreement, together with the documents referenced therein and exhibits thereto, set forth the terms and conditions for the proposed Settlement of the Litigation. In accordance with the Settlement Agreement, Plaintiffs now presents the Settlement to the Court for preliminary approval under Federal Rule of Civil Procedure 23.

After reviewing the pleadings and Plaintiffs' Motion to Certify the Class for Settlement Purposes, Preliminarily Approve Class Action Settlement, Approve Form and Manner of Notice, and Set Date for Final Fairness Hearing ("Motion for Preliminary Approval") and Plaintiffs' Memorandum of Law in Support thereof, the Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement warrants the issuance of notice to the Settlement Class. Upon reviewing the Settlement and the Motion for Preliminary Approval, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

2. The Court finds the Settlement Class should be certified for the purposes of this Settlement, as the Settlement Class meets all certification requirements of Federal Rule of Civil Procedure 23 for a settlement class.

    1.1 The certified Settlement Class is defined as follows:

        a. All non-excluded persons or entities:

            i. who received working interest, royalty, and/or overriding royalty payments from Defendant for oil and/or gas proceeds from oil and/or gas wells located in the State of Oklahoma at any time up to and including August 31, 2018; or

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

    ii. whose oil and/or gas proceeds have been paid over by Defendant to various state agencies as unclaimed or abandoned property at any time up to and including August 31, 2018.

  b. The persons or entities excluded from the class are: (1) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (2) Commissioners of the Land Office of the State of Oklahoma (CLO); (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities (and their affiliates) who are the Oklahoma Corporation Commission (OCC) designated operator of more than fifty (50) Oklahoma wells in June 2018; (5) persons or entities that Plaintiffs' counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, including, but not limited to, Charles David Nutley, Danny George, Dan McClure, Kelly McClure Callant, and their relatives; and (6) officers of the court.

 3. The Court finds the above-defined Settlement Class satisfies all prerequisites of Federal Rule of Civil Procedure 23(a) for purposes of the proposed class settlement:

  a. <u>Numerosity</u>. Plaintiffs have demonstrated "[t]he class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). The Tenth Circuit has not adopted a set number as presumptively sufficient to meet this burden, and there is "no set formula to determine if the class is so numerous that it should be so certified." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Whether a class satisfies the numerosity requirement is "a fact-specific inquiry" that district courts have "wide latitude" when determining. *In re Cox Enters., Inc.*, No. 12-ML-2048-C, 2014 U.S. Dist. LEXIS 2459, *13 (W.D. Okla. Jan. 9, 2014) (quoting *Trevizo*, 455 F.3d at 1162). Here, the Settlement Class consists of thousands of owners. Therefore, the Court finds the numerosity prerequisite is undoubtedly met.

  b. <u>Commonality</u>. Plaintiffs have also demonstrated "[t]here are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2).

  c. <u>Typicality</u>. Plaintiffs have also shown "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3).

d. <u>Adequacy</u>. Plaintiffs and Plaintiffs' Counsel have demonstrated "[t]he representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).

In addition, because the Court finds Plaintiffs and Plaintiffs' Counsel to be adequate representatives of the Settlement Class, the Court hereby appoints Plaintiffs Chieftain Royalty Company, Kelsie Wagner as Trustee of the Kelsie Wagner Trust, and Kelsie Wagner as Successor Trustee of the Wade Costello Trust as Class Representatives; Plaintiffs' Counsel Ryan Whaley PLLC and Barnes & Lewis, LLP, as Class Counsel; and Plaintiff's Counsel Whitten Burrage and Lawrence R. Murphy, Jr. as liaison local counsel for the Settlement Class.

4. The Court also finds the requirements of Federal Rule of Civil Procedure 23(b)(3) are met:

a. <u>Predominance</u>. Class Representatives have shown "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).

b. <u>Superiority</u>. Class Representatives have also established "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. Civ. P. 23(b)(3).

In sum, the Court finds all prerequisites and requirements of Federal Rule of Civil Procedure 23(a)-(b) are satisfied, and the Settlement Class is hereby certified for the purposes of this Settlement.

5. The Court preliminarily finds (a) the proposed Settlement resulted from extensive arm's-length negotiations; (b) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weakness of Class

4

Representatives' and the Settlement Class' claims; (c) Class Representatives and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (d) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.

6. Having considered the essential terms of the Settlement under the recognized standards for preliminary approval as set forth in the relevant jurisprudence, the Court preliminarily approves the Settlement, subject to the right of any member of the Settlement Class to challenge the fairness, reasonableness, and adequacy of any part of the Settlement, Settlement Agreement, Allocation Methodology, or proposed Plan of Allocation (or any other Plan of Allocation), and to show cause, if any exists, why a Final Judgment dismissing the Litigation based on the Settlement Agreement should not be ordered after adequate notice to the Settlement Class has been given in conformity with this Order. As such, the Court finds that those Class Members whose claims would be settled, compromised, dismissed, and released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

7. The Court further preliminarily approves the form and content of the proposed Notice and the proposed Summary Notice, which are attached to the Settlement Agreement as Exhibits 3 and 4, respectively, and finds the Notice and Summary Notice are the best notice practicable under the circumstances, constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfy the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23. The Court finds the form and content of the Notice and Summary Notice fairly and adequately: (a) describe the terms and effect of the Settlement; (b) notify the Settlement Class that Class Counsel will seek attorneys' fees,

reimbursement of Litigation Expenses, and a Case Contribution Award for Class Representative's services; (c) notify the Settlement Class of the time and place of the Final Fairness Hearing; (d) describe the procedure for requesting exclusion from the Settlement; and (e) describe the procedure for objecting to the Settlement or any part thereof.

8. The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23:

    a. No later than January 8, 2019, the Settlement Administrator will mail (or cause to be mailed) the Notice by first class mail to all potential Class Members who have been identified after reasonable efforts to do so. The Notice will be mailed to potential Class Members using the payment history data described in paragraph 3.3 of the Settlement Agreement, the last-known addresses for each payee, and any updated addresses found by the Settlement Administrator. For any Class Members who received more than one payment, the Notice of Settlement will be mailed to the payee's last-known address (or any updated address found by the Settlement Administrator). The Settlement Administrator will also publish the Summary Notice as described below. It is not reasonable or economically practical for the Parties to do more to determine the names and addresses of Class Members.

    b. No later than January 11, 2019, or at such time as is ordered by the Court, the Settlement Administrator also shall publish (or cause to be published) the summary Notice of Settlement one time in each of the following newspapers: (i) *The Oklahoman*, a paper of general circulation in Oklahoma; (ii) the *Tulsa World*, a paper of general circulation in Oklahoma; (iii) *The*

*Daily Ardmoreite*, a paper of local circulation; (iv) the *Fairview Republican*, a paper of local circulation; (v) the *McAlester News-Capital*, a paper of local circulation; and (vi) the *Holdenville Tribune*, a paper of local circulation.

      c.    Within ten (10) days after mailing the first notice and continuing through the Final Fairness Hearing, the Settlement Administrator will also display (or cause to be displayed) on an Internet website dedicated to this Settlement the following documents: (i) the Notice of Settlement, (ii) the Third Amended Complaint, (iii) the Settlement Agreement, (iv) this Order, and (v) other publicly-filed documents related to the Settlement.

    9.    Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

    10.    The Court appoints JND Class Action Administration to act as Settlement Administrator and perform the associated responsibilities set forth in the Settlement Agreement. The Settlement Administrator will receive and process any Requests for Exclusion and, if the Settlement is finally approved by the Court, will supervise and administer the Settlement in accordance with the Settlement Agreement, the Judgment, and the Court's Plan of Allocation order(s) authorizing distribution of the Net Settlement Fund to Class Members. The Parties and their Counsel shall not be liable for any act or omission of the Settlement Administrator.

    11.    The Court appoints Signature Bank as the Escrow Agent. The Escrow Agent is authorized and directed to act in accordance with the Settlement Agreement, Supplemental Agreements, and Escrow Agreement. Except as set forth in paragraph 6.19 of the Settlement

Agreement, the Parties and their Counsel shall not be liable for any act or omission of the Escrow Agent or loss for the funds in the Escrow Account.

12. Pursuant to Federal Rule of Civil Procedure 23(e), a Final Fairness Hearing shall be held on March 8, 2019 at 2:00 P.M. in the United States District Court for the Eastern District of Oklahoma, the Honorable Steven P. Shreder presiding, to:

    a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

    b. determine whether the notice method utilized: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

    c. determine whether a final Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

    d. determine the proper method of allocation and distribution of the Net Settlement Fund among Class Members who are not excluded from the Settlement Class by virtue of a timely and properly submitted Request for Exclusion or other order of the Court;

    e.  determine whether the applications for Plaintiffs' attorneys' fees, reimbursement for Litigation Expenses, and a Case Contribution Award to Class Representative are fair and reasonable and should be approved; and

    f.  rule on such other matters as the Court may deem appropriate.

  13. The Court reserves the right to adjourn, continue, and reconvene the Final Fairness Hearing, or any aspect thereof, including the consideration for the application for attorneys' fees and reimbursement of Litigation Expenses, without further notice to the Settlement Class. The Settlement Administrator will update the website maintained pursuant to paragraph 8(c) of this Order to reflect the current information about the date and time for the Final Fairness Hearing.

  14. The Court reserves the right to continue the Final Fairness Hearing to a later date than the date provided for in the formal notices to the Settlement Class, and to approve the Settlement at or after the Final Fairness Hearing without further notice to the Settlement Class.

  15. Class Members wishing to exclude themselves from the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e)(4) must submit to the Settlement Administrator a valid and timely Request for Exclusion. Requests for Exclusion must include: (i) the Class Member's name, address, telephone number, and notarized signature; (ii) a statement that the Class Member wishes to be excluded from the Settlement Class in *Chieftain Royalty Company et al. v. Marathon Oil Company*; and (iii) a description of the Class Member's interest in any wells for which it has received payments from Defendant, including the name, well number, county in which the well is located, and the owner identification number. Requests for Exclusion must be served on the Settlement Administrator, Defendant's Counsel, and Plaintiffs' Counsel by certified mail, return receipt requested and received no later than 5 p.m. CDT on February 22, 2019. Requests for Exclusion may be mailed as follows:

**Settlement Administrator:**

*Chieftain-Marathon* Settlement
c/o JND Class Action Administration, Settlement Administrator
P.O. Box 91232
Seattle, WA 98111-9332

| **Plaintiff's Counsel:** | **Defendant's Counsel:** |
|---|---|
| Patrick M. Ryan | Guy S, Lipe |
| Phillip G. Whaley | **VINSON & ELKINS L.L.P.** |
| Jason A. Ryan | 1001 Fannin Street, Suite 2500 |
| Paula M. Jantzen | Houston, Texas 77002-6760 |
| **RYAN WHALEY COLDIRON** | |
| **JANTZEN PETERS & WEBBER PLLC** | Jay P. Walters |
| 900 Robinson Renaissance | **GABLE GOTWALS** |
| 119 North Robinson | One Leadership Sq., 15th Floor |
| Oklahoma City, OK 73102 | 211 N. Robinson |
| | Oklahoma City, OK 73102-7101 |
| Robert N. Barnes | |
| Patranell Lewis | |
| Emily Nash Kitch | |
| **BARNES & LEWIS, LLP** | |
| 208 N.W. 60th Street | |
| Oklahoma City, OK 73118 | |
| | |
| Michael Burrage | |
| **WHITTEN BURRAGE** | |
| 512 N. Broadway Ae., Ste 300 | |
| Oklahoma City, OK 73102 | |
| | |
| Lawrence R. Murphy, Jr. | |
| **LAWRENCE R. MURPHY, JR., P.C.** | |
| 624 South Boston, Floor 8 | |
| Tulsa, OK 74119 | |

Requests for Exclusion may not be submitted through the website or by phone, facsimile, or e-mail. Any Class Member that has not timely and properly submitted a Request for Exclusion shall be included in the Settlement and shall be bound by the terms of the Settlement Agreement in the event it is finally approved by the Court.

16. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, any term of the Settlement, the Allocation Methodology, the Plan of Allocation, the request for Plaintiffs' attorneys' fees and Litigation Expenses, or the request for a Case Contribution Award to Class Representatives may file an objection. An objector must file with the Court and serve upon Plaintiffs' Counsel and Defendant's Counsel a written objection containing the following: (a) a heading referring to *Chieftain Royalty Company et al. v. Marathon Oil Company*, Case No. 17-cv-334-SPS, United States District Court for the Eastern District of Oklahoma; (b) a statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address, and telephone number; (c) a detailed statement of the specific legal and factual basis for each and every objection; (d) a list of any witnesses the objector may call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or an expert report, any such evidence must fully comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court); (e) a list of and copies of any exhibits the objector may seek to use at the Final Fairness Hearing; (f) a list of any legal authority the objector may present at the Final Fairness Hearing; (g) the objector's name, current address, current telephone number, and all owner identification numbers with Defendant; (h) the objector's signature executed before a Notary Public; (i) identification of the objector's interest in wells from which the objector has received payments by or on behalf of Defendant (by well name, payee well number, and county in which the well is located) during the Claim Period and identification of such payments by date of payment, date of production, and amount; and (j) if the objector is objecting to any portion of the Plaintiffs' attorneys' fees or Litigation Expenses sought by Plaintiffs' Counsel on the basis that

the amounts requested are unreasonably high, the objector must specifically state the portion of Plaintiffs' attorneys' fees and/or Litigation Expenses he/she believes is fair and reasonable and the portion that is not. Such written objections must be filed with the Court and served on Plaintiffs' Counsel and Defendant's Counsel, via certified mail return receipt requested, and received no later than 5 p.m. CDT on February 22, 2019 at the addresses set forth in paragraph 15 above.

Any Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at the Final Fairness Hearing and such failure will render any such attempted objection untimely and of no effect. All presentations of objections will be further limited by the information listed. Either or both Party's Counsel may file any reply or response to any objections no later than March 1, 2019. The procedures set forth in this paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

17. Any objector who timely files and serves a valid written objection in accordance with the above paragraph may also appear at the Final Fairness Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Fairness Hearing must comply with the Local Rules of this Court in addition to the requirements set forth in paragraph 16 above.

18. No later than 5:00 p.m. CDT on February 8, 2019, if the Settlement has not been terminated pursuant to the Settlement Agreement or any Supplemental Agreement, Plaintiffs' Counsel and Plaintiffs shall move for: (a) final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e); (b) entry of a Judgment in substantially the same form as Exhibit 2; (c) final approval of the Allocation Methodology and Plan of Allocation; and (d) attorneys' fees, reimbursement of Litigation Expenses, and/or a Case Contribution Award.

19. If the Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or otherwise does not become Final and Non-Appealable for any reason whatsoever, the Settlement, Settlement Agreement, and any actions to be taken in connection therewith (including this Order and any Judgment entered herein), shall be terminated and become void and of no further force and effect as described in the Settlement Agreement (including, but not limited to paragraph 9.4 of the Settlement Agreement). Any obligations or provisions relating to the refund of Plaintiffs' Attorney's Fees, Litigation Expenses, the payment of Administration, Notice, and Distribution Costs already incurred, and any other obligation or provision in the Settlement Agreement or Supplemental Agreements that expressly pertains to the termination of the Settlement or events to occur after the termination, shall survive termination of the Settlement Agreement and Settlement.

20. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final approval of the Settlement, Class Representatives and all Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against Released Parties.

21. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, is not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received in evidence in any action or proceeding by or against any Party in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between Defendant and any Class Member(s), the provisions of the

Settlement Agreement, or the provisions of any related agreement, order, judgment or release. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the propriety of maintaining this Litigation as a contested class action or of class certifiability, and Defendant specifically denies any such fault, wrongdoing, breach, liability, and allegation regarding certification. This Order shall not be construed or used as an admission, concession, or declaration by or against Class Representative or the Settlement Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have with respect to the Litigation or class certifiability in the event the Settlement is terminated. Moreover, the Settlement and any proceedings taken pursuant to the Settlement are for settlement purposes only.

22. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to the Settlement Class.

IT IS SO ORDERED this 17TH day of December, 2018.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma