**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CHIEFTAIN ROYALTY COMPANY,** ) <br> **KELSIE WAGNER, TRUSTEE OF THE** ) <br> **KELSIE WAGNER TRUST AND** ) <br> **KELSIE WAGNER, SUCCESSOR** ) <br> **TRUSTEE OF THE WADE** ) <br> **COSTELLO TRUST** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **MARATHON OIL COMPANY,** ) <br> ) <br>     **Defendant.** ) | **Case No. CIV-17-334-SPS** |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

This is a class action lawsuit brought by Plaintiffs, Chieftain Royalty Company, Kelsie Wagner as Trustee of the Kelsie Wagner Trust, and Kelsie Wagner as Successor Trustee of the Wade Costello Trust, on behalf of themselves and as representatives of a class of owners (defined below), against Marathon Oil Company ("Marathon" or "Defendant"), for the alleged failure to pay statutory interest on payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okla. St. §570.1, *et seq*. (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. On December 11, 2018, Plaintiffs and Defendant executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") and Supplemental Agreements, finalizing the terms of the Settlement.[1]

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

On December 17, 2018, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order"). Doc. No. 74. In the Preliminary Approval Order, the Court, *inter alia*:

    a.    certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

    b.    appointed Plaintiffs Chieftain Royalty Company, Kelsie Wagner as Trustee of the Kelsie Wagner Trust, and Kelsie Wagner as Successor Trustee of the Wade Costello Trust as Class Representatives;

    c.    appointed the following law firms as Plaintiffs' Counsel: (i) Ryan Whaley PLLC and Barnes & Lewis, LLP as Class Counsel, and (ii) the law firms of Whitten Burrage and Lawrence R. Murphy, Jr. as liaison local counsel for the Settlement Class;

    d.    preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representatives' and the Settlement Class' claims; (iii) Class Representatives and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

    e.    preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

    f. preliminarily approved the form and manner of the proposed Notice and Summary Notice to be communicated to the Settlement Class, finding specifically that such Notice and Summary Notice, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Plaintiffs' Counsel will seek attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award for Class Representatives' services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof;

    g. instructed the Settlement Administrator to disseminate the approved Notice to potential members of the Settlement Class, to publish the Summary Notice, and to display documents related to the Settlement on an Internet website in accordance with the Settlement Agreement and in the manner approved by the Court;

    h. provided for the appointment of a Settlement Administrator;

    i. provided for the appointment of an Escrow Agent;

    j. set the date and time for the Final Fairness Hearing as March 8, 2019 at 2:00 P.M. in the United States District Court for the Eastern District of Oklahoma; and

    k. set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

 After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice and Summary Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On March 8, 2019, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

    a.  determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

    b.  determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

    c.  determine whether to approve the Allocation Methodology, the Plan of Allocation, and distribution of the Net Settlement Fund to Class Members who did not timely submit a valid Request for Exclusion or were not otherwise excluded from the Settlement Class by order of the Court;[2]

    d.  determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Proceeds among Class Members (the "Plan of Allocation Order").

    e. determine whether the applications for Plaintiffs' attorneys' fees, reimbursement for Litigation Expenses, and Case Contribution Award to Class Representatives are fair and reasonable and should be approved;[3] and

    f. rule on such other matters as the Court deems appropriate.

  The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES as follows**:

  1. The Court, for purposes of this Final Judgment (the "Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

  2. The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendant and Class Members.

  3. The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as follows:

    a. All non-excluded persons or entities:

      i. who received working interest, royalty, and/or overriding royalty payments from Defendant for oil and/or gas proceeds from oil and/or gas wells located in the State of Oklahoma at any time up to and including August 31, 2018; or

      ii. whose oil and/or gas proceeds have been paid over by Defendant to various state agencies as unclaimed or abandoned property at any time up to and including August 31, 2018.

    b. The persons or entities excluded from the class are: (1) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (2) Commissioners of the Land Office of the State of Oklahoma (CLO); (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities (and their affiliates) who are the Oklahoma Corporation Commission (OCC) designated operator of more than fifty (50)

---

[3] The Court will issue separate orders pertaining to Plaintiffs' Counsel's request for attorneys' fees and reimbursement of Litigation Expenses and Class Representatives' request for a Case Contribution Award.

> Oklahoma wells in June 2018; (5) persons or entities that Plaintiffs' counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, including, but not limited to, Charles David Nutley, Danny George, Dan McClure, Kelly McClure Callant, and their relatives; and (6) officers of the court.

The Court finds that the above-defined Settlement Class has been properly certified for the purposes of this Settlement. The Court finds that the persons and entities identified in the attached Exhibit 1 have submitted timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

    4.    As used in this Judgment, the following terms shall have the following meanings:

    a.    "**Released Claims**" means all claims and damages (statutory, contract, tort, equitable, punitive, interest, and other relief) that the Releasing Parties may have against the Released Parties arising out of or related to underpaid and unpaid statutory interest for payments on Oklahoma oil and gas production made or issued at any time prior to September 1, 2018. Without limiting the foregoing, the Released Claims include all claims and damages asserted in the Third Amended Complaint filed by Plaintiffs in the Litigation, except for claims excluded from the scope of Released Claims in the last paragraph of Section 1.32 of the Settlement Agreement; any and all claims that were, or that could have been, asserted in any forum or venue related to underpaid and unpaid statutory interest under the Production Revenue Standards Act, 52 Okla. St. §570.1, *et seq.* (the "PRSA"), whether known or unknown, whether at law or in equity, or under any applicable statute; and including any and all relief and remedies, except for claims excluded from the scope of Released Claims in the last paragraph of Section 1.32 of the Settlement Agreement.

The Released Claims do not include (a) claims related solely to underpaid or unpaid royalties for which payments were not made or issued by Defendant prior to September 1, 2018, (b) claims for breach of obligations to Class Members to develop Oklahoma oil and gas leases and failure to prevent offset drainage, (c) the "Class I" claims asserted in Kunneman Properties LLC v. Marathon Oil Company, No. 17-cv-456-JED-FHM,. as described in the Original Complaint in that case, or (d) claims for unpaid statutory interest attributable to Oklahoma oil or gas proceeds held in suspense by Defendant on or after September 1, 2018.

b.     **"Released Parties"** means Defendant; its predecessors, successors, heirs, assignors, and assignees; any past and present affiliates and subsidiaries; and any directors, officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, insurers, subsidiaries and affiliates of the foregoing persons or entities.

c.     **"Releasing Parties"** means Plaintiffs and the Class Members who do not timely and properly submit Requests for Exclusion and who are not otherwise excluded from the Settlement Class by order of the Court; their predecessors, successors, heirs, assignors, and assignees; and any past and present officers, employees, attorneys, agents, consultants, servants, stockholders, members, representatives, subsidiaries, and affiliates of such persons or entities. Releasing Parties includes all Class Members who do not timely and properly submit Requests for Exclusion and who are not otherwise excluded from the Settlement Class by order of the Court without regard to whether a member of the Settlement Class actually received a payment from the Gross Settlement Fund and without regard to whether any payment received was correctly determined. All members of the Settlement Class who do not timely and properly submit Requests for Exclusion and who are not otherwise excluded from the Settlement Class by order of the Court and their heirs, successors, and assigns will be enjoined by the Court in the Judgment from filing or prosecuting Released Claims.

d.     **"Claim Period"** means any time up to and including August 31, 2018.

5.     At the Final Fairness Hearing on March 8, 2019, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representatives and Defendant and their respective Counsel, but also the concerns of any objectors and the interests of all absent Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

6.     The Court further finds that due and proper notice, by means of the Notice and Summary Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notice disseminated to the Settlement Class and the Summary Notice published pursuant to the Settlement

Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Notice and Summary Notice used by the Parties. The Court further finds that all Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

7. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendant, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the parties. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and

litigation.  The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement.

8. By agreeing to settle the Litigation, Defendant does not admit, and instead specifically denies, that the Litigation could have otherwise been properly maintained as a contested class action, and specifically denies any and all wrongdoing and liability to the Settlement Class, Class Representative, and Plaintiffs' Counsel.

9. The Court finds that on December 17, 2018, Defendant caused notice of the Settlement to be served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715.  In connection therewith, the Court has determined that, under 28 U.S.C. 28 § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States.  Further, the Court finds it was not feasible for Defendant to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the estimated proportionate share of the claims of such Class Members to the Settlement.  No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement.  Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

10. The Litigation and the Third Amended Complaint and all claims included therein, as well as all Released Claims, are dismissed with prejudice as to the Released Parties. All Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice of Settlement and Preliminary Approval Order (a) are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and (b) are barred and permanently enjoined from, directly or indirectly, on any Class Member's behalf or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. Neither Party will bear the other's Party's litigation costs, costs of court, or attorney's fees. The Court orders that Defendant shall be entitled to a refund of the Residual Unclaimed Funds pursuant to the procedures and at the time specified in the Settlement Agreement.

11. The Court also approves the efforts and activities of the Settlement Administrator, JND Legal Administration, and the Escrow Agent, Signature Bank, in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Class Representatives in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

12. Nothing in this Judgment shall bar any action or claim by Class Representatives or Defendant to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

13. If it has not already occurred, the Settlement Administrator is directed to refund to Defendant the amount attributable to Class Members who timely and properly submitted a Request

for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court in accordance with paragraph 6.4 of the Settlement Agreement, if applicable.

14.     Neither this Settlement, the Settlement Agreement, any document referred to herein, the Supplemental Agreements, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, evidence of or an admission or concession by Defendant of any fault, wrongdoing, or liability whatsoever with respect to the claims and allegations in the Litigation, or class certifiability.  Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, and the Settlement Agreement itself, are not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received in evidence in any action or proceeding by or against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between Defendant and any Class Member(s), the provisions of the Settlement Agreement, or the Judgment, or to seek an Order barring or precluding the assertion of Released Claims in any proceeding.  Further, this Final Judgment shall not give rise to any collateral estoppel effect as to the certifiability of any class in any other proceeding.

15.     As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Plan of Allocation, and distribution of the Net Settlement Fund among Class Members who were not excluded from the Settlement Class by timely submitting a valid Request for Exclusion or other order of the Court are approved as fair, reasonable, and adequate, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

16. The Court finds that Class Representatives, Defendant, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Class Representatives and Plaintiffs' Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

17. Neither Defendant nor Defendant's Counsel shall have any liability or responsibility to Plaintiffs, Plaintiffs' Counsel, or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Escrow Agent or Settlement Administrator. Except as described in paragraph 6.19 of the Settlement Agreement, no Class Member shall have any claim against Plaintiffs' Counsel, the Settlement Administrator, the Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

18. Any Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (b) return the Distribution Check uncashed to the Settlement Administrator.

19. All matters regarding the administration of the Escrow Account and the taxation of funds in the Escrow Account or distributed from the Escrow Account shall be handled in accordance with Section 5 of the Settlement Agreement.

20. Any order approving or modifying any Plan of Allocation Order, the application by Class Counsel for an award of attorneys' fees or reimbursement of Litigation Expenses, or the request of Class Representatives for a Case Contribution Award shall be handled in accordance

with the Settlement Agreement and the documents referenced therein (to the extent the Settlement Agreement and documents referenced therein address such an order).

21. Plaintiffs' Counsel, Plaintiffs, and the Settlement Class will only be liable for loss of any portion of the Escrow Account as described in paragraph 6.19 of the Settlement Agreement. Defendant shall have no liability for any such loss.

22. In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account to Defendant and the refund by Plaintiffs' Counsel into the Escrow Account of any amounts previously paid to them from the Escrow Account.

23. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund, to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiffs' attorneys' fees and reimbursement of reasonable Litigation Expenses and Class Representatives' request for a Case Contribution Award, and to enforce this Final Judgment. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendant and is therefore a final appealable judgment. The Court

further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

24.  Two objections were filed with the Court by purported Class Members who objected to the fee request by Class Counsel.  *See* Doc. Nos. 75 and 78.  The Court will address those objections in its separate order concerning Class Counsel's request for attorneys' fees.  The Court finds these objections do not constitute an objection to the Settlement, and that they have no impact on the validity or finality of the Settlement or this Judgment.

25.  The Court finds that, to the extent any objections remain, all objections are overruled.  In the event any objector appeals this Final Approval Order or any other rulings of this Court, such objector is hereby ordered to post a cash bond in an amount to be set by the Court sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, and the lost interest to the Class caused by the delay, not less than two percent (2%) per annum.

IT IS SO ORDERED  this 8th day of March, 2019.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma